**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 13, 2013

# In the Court of Appeals of Georgia

A13A0223. GEORGIA DEPARTMENT OF CORRECTIONS v. COUCH

BARNES, Presiding Judge.

David Lee Couch, an inmate at Walker State Prison, was injured while working on a painting detail at the warden's house. He filed a complaint for damages against the Georgia Department of Corrections ("the Department"), which proceeded to trial and Couch was awarded a jury verdict of $105,417. Couch filed a motion for attorney fees and expenses pursuant to OCGA § 9-11-68 (b) (2) based on the Department's earlier rejection of his pre-judgment offer to settle the claims. Couch had a contingency agreement with his attorneys to pay them 40% of any recovery plus reasonable costs, and after the trial court granted the motion for attorneys fees, it

awarded Couch 40 percent of his final recovery and litigation expenses in attorneys fees.

The Department appeals, contending, among other things, that the trial court erred when it concluded that sovereign immunity was waived for Couch's claim under OCGA § 9-11-68. It maintains that the Georgia Tort Claims Act ("GTCA"), OCGA § 50-21-20 et. seq., provides a limited waiver of sovereign immunity for *torts*, and that there is no express waiver of sovereign immunity for the rejection of a settlement offer. Upon our review, we affirm.

The underlying facts are more fully set forth in *Ga. Dept. of Corrections v. Couch*, 312 Ga. App. 544 (718 SE2d 875) (2011), the case in which we affirmed the jury verdict. In pertinent part, the evidence showed that Couch was part of a team of Walker State Prison inmates who were painting the warden's house. While he was working, a dry-rotted joist gave way, causing him to fall and land with his legs straddling a joist. Id. at 545. As a result of the fall, Couch suffered a severed urethra. Id. Couch filed a premises liability action against the Department for damages for

2

physical injuries he sustained, and the jury returned a verdict in favor of Couch in the amount of $105,417.[1] Id.

Before the trial, Couch made a written offer of settlement in the amount of $24,000, which the Department rejected. After the verdict, which was greater than 125 percent of the offer of settlement, Couch moved for attorney fees and expenses pursuant to OCGA § 9-11-68, the offer of settlement statute, in the amount of $104,158.79, based on a hourly rate, despite a contingency fee arrangement for 40 percent of the final recovery. The Department subsequently moved to dismiss Couch's claim for attorneys' fees based on lack of subject matter jurisdiction. It maintained that the Georgia Constitution only permits recovery of damages against a state entity resulting from a tort as provided in the GTCA, and that there is no express waiver contained in the GTCA authorizing the award of attorney fees. In the trial court's order denying the Department's motion and granting Couch attorney fees, the trial court found that:

---

[1] The case was initially removed to the Northern District of Georgia because of the inclusion of federal claims brought under 42 U.S.C. § 1983, and after the District Court granted partial summary judgment to the Department on these claims, the case was remanded to state court for resolution of the remaining claims.

The State has waived sovereign immunity with respect to [Couch's] claim for attorneys' fees and expenses of litigation and therefore [the Department's] Motion to Dismiss is DENIED. The Court finds that [Couch] satisfied the requirements of [OCGA] § 9-11-68, i. e. [Couch] made an offer of settlement which [the Department] rejected, and [Couch] subsequently obtained a final judgment that was more than 125 % greater than the offer. Therefore, the Court GRANTS [Couch's] Motion for Attorneys' Fees and Costs of Litigation. The Court finds that [Couch] had a contingency fee agreement with his attorneys that required him to pay 40% of any recovery as attorneys' fees. The ultimate recovery in this matter, after an appeal, totaled $123,855.65, which included post-judgment interest and court costs. Therefore, the Court awards [Couch] $49,542.00 in attorneys' fees incurred by [Couch] which represents the 40% contingency fee based on the total recovery of $123,855.65.

The trial court also awarded Couch $4,782.00 in litigation expenses for a total award of $54,324.00.

1. The Department first contends on appeal that the trial court erred in denying its motion to dismiss Couch's claim under OCGA § 9-11-68 based on sovereign immunity.

4

The party seeking to benefit from a waiver of sovereign immunity has the burden to establish waiver, and any suit brought to which an exception applies is subject to dismissal pursuant to OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction. The trial court's ruling on the motion to dismiss is reviewed de novo, while factual findings are sustained if there is evidence supporting them.

(Punctuation and footnotes omitted.) *Southerland v. Ga. Dept. of Corrections*, 293 Ga. App. 56, 57 (666 SE2d 383) (2008).

Regarding the waiver of sovereign immunity under OCGA § 9-11-68, the Department maintains that the Georgia Constitution clearly provides that the State has sovereign immunity, except to the extent that the Generally Assembly enacts legislation that "specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const.1991, Art. 1, Sec. 2. Par. 9 (e). It further asserts that the GTCA by its express terms limits its waiver of sovereign immunity to losses resulting only from "the *torts* of state officers or employees" subject to certain exceptions not applicable here, "only to the extent and in the manner provided" therein, and that the GTCA constitutes the exclusive remedy for any *tort* committed by the State. It further maintains that the legislature could have chosen to amend the

GTCA to waive sovereign immunity for claims for attorney fees and expenses when it adopted OCGA § 9-11-68, but it chose not to do so.

Under the GTCA, the state waives its sovereign immunity for the torts of state employees while acting within the scope of their official duties "in the same manner as a private individual or entity would be liable under like circumstances." OCGA § 50-21-23 (a). See *Lewis v. Ga. Dept. of Human Resources*, 255 Ga. App. 805, 806 (567 SE2d 65) (2002). OCGA § 9-11-68 (b) (2) provides that

> [i]f a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment. [2]

Our Supreme Court explained that "[t]he clear purpose of this general law is to encourage litigants in tort cases to make and accept good faith settlement proposals

---

[2] OCGA § 9-11-68 was enacted as part of the Tort Reform Act of 2005, Ga. L. 2005; it became effective on February 16, 2005. See *Fowler Properties, Inc. v. Dowland*, 282 Ga. 76 (1) (646 SE2d 197) (2007). The Code section was amended by Ga. L. 2006, p. 589, § 1/HB 239, effective April 27, 2006.

in order to avoid unnecessary litigation." *Smith v. Baptiste*, 287 Ga. 23, 29 (2) (694 SE2d 83) (2010). The Court further explained that,

> in Georgia, attorney's fees are recoverable where authorized by some statutory provision or by contract. OCGA § 9-11-68 is such a statutory provision authorizing the recovery of attorney's fees under specific circumstances. [And] there is no constitutional requirement that attorney's fees be awarded only pursuant to OCGA § 9-15-14 or § 13-6-11. . . .

(Citation omitted.) Id. at. 28.

In *Dept. of Transp. v. Fru-Con Constr. Corp.*, 206 Ga. App. 821 (426 SE2d 905) (1992), this Court rejected the notion that a claim for attorney fees against a state agency pursuant to OCGA § 13-6-11 was barred by sovereign immunity because there was no specific statutory waiver. In finding that a claim for expenses of litigation under OCGA § 13-6-11 is not an independent cause of action, we held that the "statute merely establishes the circumstances in which a plaintiff may recover the expenses of litigation as an additional element of his damages." Id. at 826 (5).

Likewise, OCGA § 9-11-68 does not provide for an independent cause of action, but merely establishes circumstances in the event of the rejection of an offer of settlement under which attorneys fees shall be paid. Thus, we reject the

Department's contention that the claim for attorney fees under the statute is barred by sovereign immunity.

2. The Department also contends that the trial court erred in failing to prorate Couch's contingency fee under OCGA § 9-11-68.**app'ts br. 21** It maintains that even if the attorney fees award were appropriate, the trial court erred by awarding Couch the full amount of the contingency fee because some of the fees were incurred before the settlement offer was rejected, and that per OCGA § 9-11-68 (b) (2), Couch was only "entitled to recover reasonable attorney's fees and expenses of litigation incurred from the date of the rejection of the offer of settlement through the entry of judgment."

The trial court awarded $49,542.00 in attorney fees which represented 40 percent of the total recovery of $123,855.65. Couch originally sought attorney fees of more than $99,000, supported by his attorney's affidavit itemizing the hours worked and expenses incurred from the date of the rejected settlement offer to the verdict. Couch asserts that he is entitled to the entire contingency fee because no fee was due until the jury returned the verdict, which was after the Department rejected his settlement offer.

8

Our Supreme Court has held that when the contingency which fixed an attorney's entitlement to a fee is "a jury verdict and judgment," then the "the right to a specific amount as a contingent fee was fixed by the judgment."(Citations and punctuation omitted.) *Greer, Klosik & Daugherty v. Yetman*, 269 Ga. 271, 274 (1) (496 SE2d 693) (1998). However,

> evidence of the existence of a contingent fee contract, without more, is not sufficient to support the award of attorney fees. An attorney cannot recover for professional services without proof of the value of those services. A naked assertion that the fees are "reasonable," without any evidence of hours, rates, or other indication of the value of the professional services actually rendered is inadequate.

(Citations and punctuation omitted.) *Brandenburg v. All-Fleet Refinishing*, 252 Ga. App. 40, 43 (5) (555 SE2d 508) (2001).

Here, the right to the 40 percent contingency fee was fixed by the judgment entered on the verdict, and the fee awarded by the trial court reflected that percentage. Further, the trial court was presented with evidence of the hours worked and rates charged, substantiating the value and reasonableness of the services thereof. Thus, we find no error.

3. The Department also contends that the trial court erred in awarding litigation expenses for mileage, hotels, and meals, and failing to make findings of fact that such expenses were reasonable. However, "[b]y its terms, OCGA § 9-11-68 does not require that the trial court make written findings of fact or conclusions of law unless the court concludes that an offer was not made in good faith. . . ." *Cohen v. The Alfred & Adele Davis Academy, Inc.*, 310 Ga. App. 761, 764 (2) (714 SE2d 350) (2011). The trial court made no such conclusion here, and thus was not required to make findings of fact.

Here, the trial court's decision to award Couch attorney's fees pursuant to OCGA § 9-11-68 was supported by ample evidence and was not an abuse of discretion. *Great West Casualty Co. v. Bloomfield*, 313 Ga. App. 180, 183 (721 SE2d 173) (2011); *Cohen*, 310 Ga. App. at 763.

*Judgment affirmed. Miller and Ray, JJ., concur.*