A13A0223. GEORGIA DEPARTMENT OF CORRECTIONS
v. COUCH.
(768 SE2d 275)

BARNES, Presiding Judge.

In *Ga. Dept. of Corrections v. Couch*, 295 Ga. 469 (759 SE2d 804) (2014) (*Couch II*), the Supreme Court affirmed our ruling as to Division 1 "albeit under a different rationale," and reversed our ruling in Division 2 of *Ga. Dept. of Corrections v. Couch*, 322 Ga. App. 234 (744 SE2d 432) (2013). Accordingly, we vacate Divisions 1 and 2 of our earlier opinion, and adopt the opinion of the Supreme Court with respect to those divisions. Division 3 was not addressed by the Supreme Court and in that circumstance we are required to

> (1) read [the Supreme] Court's opinion within the context of the opinion being reversed; (2) to determine whether any portions of the opinion being reversed were neither addressed nor considered by the Supreme Court; and (3) enter an

appropriate disposition with regard to those portions that is consistent with the issues addressed and considered by [the Supreme] Court.

*Shadix v. Carroll County*, 274 Ga. 560, 563-564 (1) (554 SE2d 465) (2001). In so doing, we find that to the extent that Division 3 can be interpreted to sustain any award of attorney fees not consistent with the Supreme Court's decision in *Couch II*, it too is vacated.[1]

This case is remanded to the trial court for proceedings consistent with the opinion of the Supreme Court.

*Judgment vacated and case remanded with direction. Miller and Ray, JJ., concur.*

DECIDED JANUARY 12, 2015.

Samuel S. Olens, *Attorney General, Robert L. Bunner, Assistant Attorney General,* for appellant.

Farah & Farah, *Kevin Elwell, Tidwell Law Firm, Thomas G. Tidwell,* for appellee.

---

[1] In Division 3, this Court concluded that per OCGA § 9-11-68, the trial court was not required to make findings of fact that litigation expenses were reasonable unless the court concluded that the offer was not made in good faith. *Couch*, 322 Ga. App. at 239 (3).