A11A0258. COHEN v. THE ALFRED AND ADELE DAVIS
ACADEMY, INC.
(714 SE2d 350)

DOYLE, Judge.
 Allyson Cohen appeals the trial court's order awarding attorney fees to The Alfred and Adele Davis Academy, Inc. ("the Academy"), pursuant to OCGA § 9-11-68, Georgia's offer of settlement statute.[1] We affirm, for reasons that follow.
 Cohen filed suit against the Academy and Steven Ballaban,[2] individually and as headmaster of the Academy, on April 14, 2006, alleging slander. Cohen filed several amended complaints thereafter, asserting various additional claims including tortious interference, fraud, misrepresentation, undue influence, RICO, and intentional infliction of emotional distress.[3] Four months after Cohen filed her initial complaint, the Academy made an offer of settlement in the amount of $750, pursuant to OCGA § 9-11-68 (a); Cohen did not respond to the offer. Thereafter, the defendants filed a motion for summary judgment, which the trial court granted. Cohen appealed the summary judgment order, but she later dismissed her appeal.
 Following the entry of judgment in favor of the defendants, the Academy filed a motion for attorney fees and litigation expenses pursuant to OCGA § 9-11-68. Cohen filed a response to the motion,

---

[1] Cohen appealed to the Supreme Court of Georgia, which transferred the case to this Court in an order concluding that it lacked subject matter jurisdiction.

[2] Ballaban is not a party to this appeal.

[3] In her complaint, Cohen alleged that she and her former husband were divorced and engaged in an ongoing custody dispute, during which time their daughter attended the Academy. Cohen's claims against the Academy were based on conduct that allegedly occurred while her daughter was a student at the school.

arguing that the Academy's motion was not made in good faith. She did not, however, contend that the attorney fees and litigation expenses were not incurred or that they were not reasonable.[4] After a hearing, the trial court granted the motion and ordered Cohen to pay $84,104.63 in attorney fees and expenses of litigation to the Academy. Cohen appeals the award on several grounds.

1. Cohen argues that the trial court erred by determining that the Academy's offer of settlement was made in good faith. We disagree.

Georgia's offer of settlement statute, OCGA § 9-11-68, "was enacted as part of the Tort Reform Act of 2005."[5] It provides, in relevant part, that if a defendant makes an offer of settlement pursuant to OCGA § 9-11-68 (a), and the plaintiff rejects it, then

> the defendant shall be entitled to recover reasonable attor-ney[ ] fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.[6]

The offer of settlement statute further provides that the trial "court *shall* order the payment of attorney[ ] fees and expenses of litigation upon receipt of proof that the judgment is one to which the provisions of either paragraph (1) or paragraph (2) of subsection (b) of this Code section apply."[7] Nevertheless, "[i]f a party is entitled to costs and fees pursuant to the provisions of this Code section, the court *may* determine that an offer was not made in good faith in an order setting forth the basis for such a determination. In such case, the court *may* disallow an award of attorney[ ] fees and costs."[8]

Cohen argues that the trial court erred by awarding fees because the Academy's offer was not made in good faith, as evidenced by (1) the Academy's position throughout the litigation that Cohen's claims were without merit and frivolous; (2) the Academy's unwillingness to enter into settlement negotiations to avoid unnecessary litigation; (3) the amount of the settlement offer, given that the Academy

---

[4] At the hearing on the motion, Cohen declined to cross-examine counsel for the Academy regarding the fees, and she stated that "I'm not contesting . . . that they spent $84,000. I'm sure they did spend $84,000 with the amount of motions they filed."

[5] *Smith v. Baptiste*, 287 Ga. 23, 24 (1) (694 SE2d 83) (2010).

[6] OCGA § 9-11-68 (b) (1). The statute provides a similar provision for an offer of settlement made by a plaintiff and rejected by a defendant. See OCGA § 9-11-68 (b) (2).

[7] (Emphasis supplied.) OCGA § 9-11-68 (d) (1).

[8] (Emphasis supplied.) OCGA § 9-11-68 (d) (2).

ultimately incurred $84,000 in attorney fees defending Cohen's claims; and (4) counsel for the Academy "engag[ing] in a pattern of harassment against [Cohen] throughout the litigation." We find these arguments unpersuasive, and they provide no basis for reversal.

The trial court granted the Academy's motion for summary judgment, and Cohen ultimately dismissed her appeal of that order, which supports the Academy's position that Cohen's claims were without merit and/or evidentiary support as a matter of law.[9] And because the Academy reasonably and correctly anticipated that its exposure was minimal, the fact that it was willing to settle Cohen's claims for a nominal value does not demand a finding that its offer was made in bad faith. Similarly, the fact that the Academy ultimately incurred $84,000 in attorney fees to defend Cohen's claims — an assertion that Cohen did not dispute — does not preclude a finding of good faith.

As explained by the Supreme Court,

[t]he clear purpose of [OCGA § 9-11-68] is to encourage litigants in tort cases to make and accept good faith settlement proposals in order to avoid unnecessary litigation . . . [, which] is certainly a legitimate legislative purpose, consistent with this State's strong public policy of encouraging negotiations and settlements.[10]

Under the facts of this case, the trial court did not abuse its discretion in concluding that the Academy made its settlement offer in good faith.[11]

2. Cohen further argues that the trial court erred by failing to issue findings of fact and conclusions of law on the issues of bad faith and the amount of the fees. We disagree.

---

[9] See generally OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) ("To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.") (emphasis omitted).

[10] (Punctuation omitted.) *Smith*, 287 Ga. at 29 (2).

[11] See, e.g., *Tiara Condo. Assn., Inc. v. Marsh USA, Inc.*, 697 FSupp.2d 1349, 1353 (S.D. Fla. 2010) (trial court did not abuse its discretion in awarding attorney fees based on its determination that the offer of settlement was made in good faith because although the "offer of judgment was essentially nominal, so too was the prospect of an adverse judgment against it given its significant, and ultimately meritorious, defenses"); *City of Neptune Beach v. Smith*, 740 So.2d 25, 27 (Fla. 1st DCA 1999) (acknowledging the "widely accepted view that even a nominal offer may be made in good faith").

OCGA § 9-11-68 (d) (1) requires the trial court to award attorney fees and litigation expenses if the statutory requirements of subsection (a) (1). of the statute are met, unless the trial court concludes, "in an order setting forth the basis for such a determination," that the offer was not made in good faith, in which case it may disallow an award of fees and costs.[12] By its terms, OCGA § 9-11-68 does not require that the trial court make written findings of fact or conclusions of law unless the court concludes that an offer was not made in good faith,[13] and we decline to impose a requirement not mandated by the statute. Cohen's argument that we should require a trial court to support an order of attorney fees issued pursuant to OCGA § 9-11-68 with written findings of fact as required by OCGA § 9-15-14 (and the cases interpreting that Code section) is simply unavailing.

3. Cohen argues on appeal, for the first time, that the version of OCGA § 9-11-68 (2005) that was in effect at the time she filed her lawsuit[14] did not allow for an award of fees and expenses unless the plaintiff obtained a verdict, and that retroactive application of the statute constituted error.[15] Because she failed to assert this retroactivity claim to the trial court, Cohen has waived it.[16]

4. In her final enumeration and for the first time on appeal, Cohen contends that the Academy's motion was not timely filed.[17] We

---

[12] OCGA § 9-11-68 (d) (2).

[13] See OCGA § 9-11-68 (d) (2). Cf. *Great West Cas. Co. v. Bloomfield*, 303 Ga. App. 26, 30 (3) (693 SE2d 99) (2010) (vacating an order denying attorney fees under OCGA § 9-11-68 and remanding the case for the trial court to enter written findings of fact setting forth the basis for denying the request for fees).

[14] Prior to amendment on April 27, 2006, subsection (b) of OCGA § 9-11-68 provided: "When the complaint sets forth a tort claim for money, if the offeree rejects or does not accept the offer and the *judgment* finally obtained by the offeree was not at least 25 percent more favorable than the last offer, the offeree shall pay the offeror's reasonable attorney's fees and costs incurred after the rejection of the last offer." (emphasis supplied). See *O'Leary v. Whitehall Constr.*, 288 Ga. 790, n. 3 (708 SE2d 353) (2011).

[15] As of April 27, 2006, the amended subsection (b) of the statute provided:

(1) If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if *the final judgment is one of no liability or the final judgment obtained by the plaintiff* is less than 75 percent of such offer of settlement.

(emphasis supplied). See *O'Leary*, 288 Ga. at 792, n. 4.

[16] See *Smith*, 287 Ga. at 29-30 (3) (declining to consider appellant's claim that retroactive application of OCGA § 9-11-68 was unconstitutional because the issue was not distinctly ruled upon by the trial court); *Kromer v. Bechtel*, 289 Ga. App. 306 (1) (656 SE2d 910) (2008) (same); *Lowery v. Atlanta Heart Assoc., P.C.*, 266 Ga. App. 402, 404 (2) (597 SE2d 494) (2004) ("Our appellate courts are courts for the correction of errors of law committed in the trial court. Routinely, this Court refuses to review issues not raised in the trial court. . . . Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court.") (punctuation omitted).

[17] The 2005 version of the offer of settlement statute provided that a motion for fees

need not address this issue, however, because it was not raised or ruled upon in the trial court.[18]

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JUNE 17, 2011 —
RECONSIDERATION DENIED JULY 13, 2011 — 

*Charles M. Cork III*, for appellant.
*Gray, Rust, St. Amand, Moffett & Brieske, Matthew G. Moffett, Wayne S. Melnick*, for appellee.

---

pursuant to that Code section had to be made "within 30 days of the entry of the judgment or after voluntary or involuntary dismissal. . . ." OCGA § 9-11-68 (d). The current statute does not contain a time limit.

[18] See *Lowery*, 266 Ga. App. at 404 (2).