**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 5, 2013**

# In the Court of Appeals of Georgia

A12A2545. EADDY v. PRECISION FRANCHISING, LLC.

ANDREWS, Presiding Judge.

Rukiya Eaddy appeals from the trial court's order awarding attorney fees to Precision Franchising, LLC[1] (Precision), pursuant to OCGA § 9-11-68 after Eaddy rejected Precision's pre-trial offer of settlement. For the following reasons, we affirm the award.

The underlying tort action, brought by Eaddy against Precision and other defendants, arose out of an altercation between Eaddy and the owner of a franchised automobile service business for which Precision was the franchisor. Eaddy claimed on various grounds that Precision was liable for injuries she suffered in the altercation

---

[1] Although Precision Franchising, LLC, was added to the underlying suit by the name Precision Tune Auto Care, Inc. d/b/a Precision Franchising, LLC, the parties agree that Precision Franchising, LLC, is the party at issue in this appeal.

including vicarious liability for intentional torts and negligent retention, training, and supervision. It is undisputed that, in compliance with OCGA § 9-11-68 (a), Precision made an offer to settle Eaddy's claims for $1,000.00, and that Eaddy rejected the offer by failing to respond within 30 days. OCGA § 9-11-68 (c). After Eaddy rejected Precision's offer to settle, the trial court granted summary judgment in favor of Precision on all of Eaddy's claims.

Pursuant to OCGA § 9-11-56 (h), Eaddy appealed the grant of summary judgment to Precision to this Court while her claims against the other defendants remained pending in the trial court. Before a decision was rendered in the appeal, Eaddy moved for and was granted a withdrawal of the appeal on the basis that the case had settled, and in June 2011, this Court transmitted the remittitur to the trial court reflecting that the appeal had been withdrawn.

In July 2011, Eaddy executed a document entitled "Settlement Agreement and General Release" in which she acknowledged that the case was settled and provided a general release in favor of all the defendants, including Precision. The document recited that the release was provided in consideration for $200,000.00 paid to Eaddy by Central Mutual Insurance Company, the franchisee's insurer. The document recites Eaddy's understanding that she would not be indemnified or held harmless by the

2

owner, franchisee, or Central Mutual for attorney fees sought by Precision in a related declaratory judgment action brought by Central Mutual in which Precision counterclaimed asserting that Central Mutual breached a duty under its policy to provide separate legal counsel to defend Precision against Eaddy's claims. The document further recites that "[e]ach party hereto shall bear all attorney's fees and costs arising from the litigation. . . ." Although captioned as a settlement agreement, the document was prepared only for Eaddy's signature and was signed only by her as the releasor.

In October 2011, Central Mutual paid Precision $118,000.00 to settle Precision's counterclaim for attorney fees in the declaratory judgment action. The Release and Limited Indemnity Agreement signed by Precision and Central Mutual in consideration of this payment provided that Precision did not release any claim for attorney fees against Eaddy in the present action.

After a hearing in December 2011, the trial court granted Precision's motion for the award of attorney fees pursuant to OCGA § 9-11-68 in the amount of $28,656.37. Under OCGA § 9-11-68 (b) (1),

> [i]f a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or

3

on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

Furthermore, under OCGA § 9-11-68 (d),

(1) The court shall order payment of attorney's fees and expenses of litigation upon receipt of proof that the judgment is one to which the provisions of [paragraph (1) of subsection (b)] of this Code section apply; provided, however, that if an appeal is taken from such judgment, the court shall order payment of such attorney's fees and expenses of litigation only upon remittitur affirming such judgment.

(2) If a party is entitled to costs and fees pursuant to the provisions of this Code section, the court may determine that an offer was not made in good faith in an order setting forth the basis for such a determination. In such case, the court may disallow an award of attorney's fees and costs.

Eaddy contends that, because she withdrew her appeal to this Court from the grant of summary judgment to Precision, the trial court was without authority to award attorney fees to Precision under OCGA § 9-11-68. Eaddy relies on language in OCGA § 9-11-68 (d) (1) providing that "if an appeal is taken from such judgment, the court shall order payment of such attorney's fees and expenses of litigation only upon remittitur affirming such judgment." Because the remittitur from this Court did not reflect that the judgment was affirmed by a decision issued by this Court, but instead reflected that the appeal was withdrawn, Eaddy contends that the language of

4

subsection (d) (1) precluded the award of attorney fees. Under this narrow construction of the statute, Eaddy could preclude an award under OCGA § 9-11-68 by simply taking an appeal from the judgment and then voluntarily withdrawing the appeal. The statute cannot be reasonably construed to allow this result. Rather, a "remittitur affirming such judgment" under subsection (d) (1) plainly refers not only to a remittitur from the appellate court showing that the judgment was affirmed by an appellate decision, but also a remittitur showing that, because the appeal was withdrawn, the judgment stands affirmed by operation of law. *Houston County v. Harrell*, 287 Ga. 162, 164 (695 SE2d 29) (2010); *Aetna Casualty & Surety Co. v. Bullington*, 227 Ga. 485-486 (181 SE2d 495) (1971); *Hawes v. Bigbie*, 123 Ga. App. 122 (179 SE2d 660) (1970). The remittitur issued after Eaddy's voluntary withdrawal of the appeal from the trial court's judgment was a "remittitur affirming such judgment" within the meaning of OCGA § 9-11-68 (d) (1).

We find no merit to Eaddy's claim that the July 2011 "Settlement Agreement and General Release" precluded Precision's claim under OCGA § 9-11-68. In consideration of $200,000.00 paid by the franchisee's insurer, Eaddy executed this document which released all the defendants and finally disposed of the claims. See *McClain v. George*, 267 Ga. App. 851, 854 (600 SE2d 837) (2004). Eaddy claims that

5

the language in the document stating that "[e]ach party hereto shall bear all attorney's fees and costs arising from the litigation . . ." precluded Precision's claim under OCGA § 9-11-68. Although the document was captioned "Settlement Agreement and General Release," and purported to release Precision from Eaddy's claims, the document was signed only by Eaddy. Precision was not a party to the document and had already obtained summary judgment in its favor on Eaddy's claims before Eaddy executed the document. Nothing in the document precluded Precision from making a claim under OCGA § 9-11-68.

Similarly, we find no merit in Eaddy's claim that the October 2011 Release and Limited Indemnity Agreement signed by Precision and Central Mutual precluded Precision's claim under OCGA § 9-11-68. By this agreement, Central Mutual paid Precision $118,000.00 for attorney fees incurred by Precision to defend against Eaddy's claims. The payment was made to settle a declaratory judgment action in which Precision asserted that Central Mutual's insurance policy covering the franchisee also required that separate legal counsel be provided to Precision to defend against Eaddy's claims. The July 2011 settlement and release recognized that Eaddy was not indemnified or held harmless from a claim based on these attorney fees. At the hearing on its claim, Precision showed that attorney fees it sought under OCGA

6

§ 9-11-68 (b) (1) "from the date of the rejection of the offer of settlement through the entry of judgment" did not duplicate any part of the $118,000.00 settlement, which reimbursed Precision for other attorney fees incurred in defending against Eaddy's claims.

Finally, Eaddy contends that the trial court erred in finding that Precision's $1,000.00 settlement offer was made in good faith. The trial court did not explain the basis for its conclusion that Precision's offer was made in good faith. Under OCGA § 9-11-68 (d) (2),

> [i]f a party is entitled to costs and fees pursuant to the provisions of this Code section, the court may determine that an offer was not made in good faith in an order setting forth the basis for such a determination. In such case, the court may disallow an award of attorney's fees and costs.

Under the provisions of OCGA § 9-11-68, where a defendant makes a settlement offer in compliance with subsection (a), and the offer is rejected, subsection (d) (1) requires the trial court to award attorney fees and litigation expenses to the defendant if the statutory requirements of subsection (b) (1) are satisfied, unless the court concludes under subsection (d) (2), "in an order setting forth the basis for such a determination," that the offer was not made in good faith, in which case the court may disallow an award of fees and costs. Accordingly, "[b]y its terms, OCGA § 9-11-68

7

does not require that the trial court make written findings of fact or conclusions of law unless the court concludes that an offer was not made in good faith. . . ." *Cohen v. The Alfred &Adele Davis Academy, Inc.*, 310 Ga. App. 761, 764 (714 SE2d 350) (2011).

Eaddy argues that Precision's $1,000.00 offer was far below her actual damages and "nowhere near [Precision's] potential liability had the case proceeded to a jury." Of course, Eaddy's claims against Precision never proceeded to a jury because the trial court, after considering the facts in the record developed by Precision's discovery and the applicable law, determined as a matter of law that Eaddy had no claim against Precision and granted summary judgment in favor of Precision. Eaddy appealed that judgment but then withdrew the appeal.

We conclude that the trial court's finding that Precision's offer of settlement was made in good faith and the award of attorney fees under OCGA § 9-11-68 was supported by the evidence and was not an abuse of discretion. *Great West Casualty Co. v. Bloomfield*, 313 Ga. App. 180, 183 (721 SE2d 173) (2011); *Cohen*, 310 Ga. App. at 763. Although the trial court's award was based in part on different grounds, we affirm under the right for any reason rule. *City of Gainesville v. Dodd*, 275 Ga. 834 (573 SE2d 369) (2002).

8

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*