**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 14, 2016**

# In the Court of Appeals of Georgia

A16A0060. AVION SYSTEMS, INC. v. BELLOMO.

MCFADDEN, Judge.

This appeal challenges the grant of a motion for summary judgment as to a breach of fiduciary duty claim and the denial of a motion for judgment notwithstanding the verdict as to breach of contract and other claims. However, the appellant has failed to show that there exists a genuine issue of material fact as to the breach of fiduciary duty claim, thus summary judgment on that claim was appropriate. Moreover, there was evidence supporting the jury's verdict, so the trial court did not err in denying the motion for judgment notwithstanding the verdict. Accordingly, we affirm.

Avion Systems, Inc., sued Giacomo Bellomo, a former employee, for breach of contract and unjust enrichment. Bellomo counterclaimed for breach of contract,

seeking unpaid commissions, unpaid expense reimbursements, prejudgment interest and attorney fees. Avion voluntarily dismissed its complaint without prejudice. Bellomo objected to the dismissal and continued to pursue his counterclaims. Avion subsequently filed a new complaint against Bellomo, asserting claims for breach of fiduciary duty and unjust enrichment. Bellomo filed an additional counterclaim for an unpaid bonus. The trial court granted summary judgment to Bellomo on Avion's breach of fiduciary duty claim.

A jury trial was then held on Avion's remaining claim for unjust enrichment and Bellomo's counterclaims. The jury returned a verdict against Avion and in favor of Bellomo as to both Avion's unjust enrichment claim and Bellomo's counterclaims, awarding Bellomo $147,806 in damages and $156,861 in attorney fees. The trial court entered judgment in favor of Bellomo in those amounts. Avion filed a motion for judgment notwithstanding the verdict, which the trial court denied. Avion appeals.

1. *Grant of summary judgment.*

Avion claims that the trial court erred in granting summary judgment to Bellomo on its claim for breach of fiduciary duty, which alleged that "Bellomo solicited the business of ECI, a customer of [Avion], for his rival business, Edge

Wireless, before the end of his employment with [Avion]." We find no error in the grant of summary judgment on this claim.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Norton v. Cobb*, 284 Ga. App. 303 (643 SE2d 803) (2007). This Court reviews de novo a grant or denial of summary judgment, viewing the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. Id. at 303-304.

So viewed, the evidence shows that in August 2009, Bellomo was hired by Avion as a director of wireless sales. In January 2010, ECI entered into a contract for Avion to supply customer care services for ECI's wireless network. In June 2011, while still employed by Avion, Bellomo and a partner formed Edge Wireless, Inc. In early September 2011, following a compensation dispute between the parties, Bellomo's employment with Avion terminated. By October 2011, ECI had entered into a contract with Edge for wireless support services and was no longer a customer of Avion.

"It is well settled that a claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3)

3

damage proximately caused by the breach." *Nash v. Studdard*, 294 Ga. App. 845,

849-850 (2) (670 SE2d 508) (2008) (citation and punctuation omitted).

> [F]iduciary duties are owed by those in confidential relationships as defined by O.C.G.A. § 23-2-58[, which] provides: Any relationship shall be deemed confidential, whether arising from nature, created by law, or resulting from contracts, where one party is so situated as to exercise a controlling authority over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc.

*Physician Specialists in Anesthesia, P.C. v. Wildmon*, 238 Ga. App. 730, 732 (1) (521

SE2d 358) (1999) (citation omitted). An employee obviously is not a partner, and "an

employer-employee relationship does not typically create a principal-agent

relationship. The distinguishing characteristic of an agent is that he is vested with

authority, real or ostensible, to create obligations on behalf of his principal, bringing

third parties into contractual relations with him." Id. at 732 (1) (a) (citations omitted).

Here, the trial court granted summary judgment on the basis that Bellomo was

merely an employee of Avion, not an officer or agent who could contractually bind

the company. It is undisputed that Bellomo was not an Avion officer. Moreover,

Avion has failed to refute the trial court's finding that Bellomo was not an agent by

pointing to specific evidence in the record showing that Bellomo could create

4

obligations on Avion's behalf or bring third parties into contractual relations with it. Avion has identified no language in the employment contract giving Bellomo such authority; rather, Avion cites deposition and affidavit statements indicating that Bellomo was a salesman whose duties included cultivating relationships with the decision-makers of prospective customers. Avion also refers to language in the employment contract providing that Bellomo had a fiduciary duty not to divulge trade secrets, but that language did not give Bellomo the authority to bind Avion contractually or otherwise create a principal-agent relationship. "In order for [Bellomo] to serve as [Avion's] agent, he had to be more than the employee delegated by [Avion] to [solicit and cultivate relationships with potential customers] - he had to be vested with authority, real or ostensible, to create obligations on behalf of [Avion], bringing third parties into contractual relations with [Avion]." *Gordon Document Prods. v. Serv. Techs.*, 308 Ga. App. 445, 454 (708 SE2d 48) (2011) (citations and punctuation omitted). Avion has not identified any evidence creating a disputed issue of fact that Bellomo had such authority.

Where it has been "demonstrate[d] that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case, the burden shifts to the nonmoving party to point out specific evidence giving rise to a triable issue."

5

*Smith v. Morris, Manning & Martin*, 293 Ga. App. 153, 160-161 (666 SE2d 683) (2008) (citation and punctuation omitted). Here, because Avion has failed to point out specific evidence giving rise to triable issue as to Bellomo's status as an agent owing a fiduciary duty to his principal, he has failed to show error in the trial court's summary judgment ruling. See *UWork, Inc. v. Paragon Techs.*, 321 Ga. App. 584, 596-597 (4) (740 SE2d 887) (2013) (defendant entitled to summary judgment where plaintiff pointed to no evidence showing a principal-agent relationship between the parties). Accordingly, we affirm.

2. *Denial of judgment notwithstanding the verdict.*

Avion contends that the trial court erred in denying its motion for judgment notwithstanding the verdict as to Bellomo's counterclaims for breach of contract, attorney fees, and prejudgment interest. The contention is without merit.

With regard to the attorney fees and interest claims, Avion did not move for a directed verdict on those claims and therefore it could not raise those issues for the first time in a motion for judgment notwithstanding the verdict. Compare *Republic Svcs. of Ga. v. Hoak*, 273 Ga. App. 330, 331 (615 SE2d 175) (2005) (motions for directed verdict and judgment notwithstanding the verdict based on same grounds).

6

[G]rounds raised in a motion for judgment notwithstanding the verdict that were not raised in the motion for directed verdict will not be considered on appeal. OCGA § 9-11-50 (b) allows the device of a motion for judgment notwithstanding the verdict ["j.n.o.v"] to be used when a motion for directed verdict does not end a trial and it proceeds to verdict. It is narrow, however, and does not permit reopening the case for new legal issues which are thought of retrospectively, with hindsight. It provides, however, a post-verdict opportunity for a determination of the legal questions raised by the motion for a directed verdict. If upon reflection the trial judge determines that the motion for directed verdict was valid, the judge is to set aside the verdict and the original judgment and enter a new judgment in accordance with the motion for directed verdict. It is patent, then, that the j.n.o.v. must be based on grounds raised in the motion for directed verdict initially, for it is in effect only a new ruling on a renewed motion.

*Southern Land Title v. North Ga. Title*, 270 Ga. App. 4, 7-8 (2) (606 SE2d 43) (2004) (citations and punctuation omitted). Accordingly, Avion's arguments concerning the denial of judgment notwithstanding the verdict as to the attorney fees and interest claims present nothing for us to review.

As to the breach of contract for unpaid commissions and bonus, Avion must show "that there was no conflict in the evidence as to any material issue and that the evidence introduced, with all reasonable deductions therefrom, demanded the verdict sought." *AgSouth Farm Credit v. Gowen Timber Co.*, 336 Ga. App. 581, 587 (2) (784 SE2d 913) (2016) (citation and punctuation omitted). Thus, on appeal from a ruling "[o]n a motion for judgment notwithstanding the verdict, the standard of review is

7

whether there is any evidence to support the jury's verdict." *Sims v. Sims*, 265 Ga. 55, 56 (452 SE2d 761) (1995) (citation omitted). Here, Avion has failed to show that the evidence demanded a different verdict. As the trial court found, "there [was] an abundance of evidence to support all aspects of the jury's verdict." Accordingly, the trial court did not err in denying the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Miller, P. J., and McMillian, J., concur.*