# Court of Appeals
# of the State of Georgia

ATLANTA,  July 16, 2024

*The Court of Appeals hereby passes the following order:*

## A24D0404. LEMARCUS ALLISON et al. v. CALCON MUTUAL MORTGAGE LLC.

This is the third appearance of this case in this Court. The case began as a dispossessory proceeding in magistrate court. In September 2021, the magistrate court entered a final judgment and writ of possession against Lemarcus Allison and in favor of CalCon Mutual Mortgage, LLC. Allison filed a petition for writ of certiorari in the superior court, which the superior court dismissed for lack of jurisdiction. We denied Allison's application for discretionary review of that order, see Case No. A22D0155 (decided Dec. 27, 2021), and the Supreme Court denied Allison's subsequent petition for certiorari and motion for reconsideration. See Case No. S23C0640 (decided July 13, 2023; reconsideration denied Aug. 21, 2023).

In August 2023, the magistrate court re-entered the writ of possession, and Allison filed a petition for review in state court. The state court dismissed the petition, and Allison appealed directly to this Court. We dismissed Allison's the appeal for failure to file a discretionary application. See Case No. A24A1233 (decided Apr. 26, 2024). Allison filed a petition for certiorari in the Supreme Court, which is currently pending judgment. See Case No. S24C1056.

Meanwhile, on November 2, 2023, the magistrate court issued another writ of possession, and Allison filed a second petition for review in superior court. The superior court dismissed the petition for review on May 3, 2024. Allison filed a "Motion for New Trial or Judgment Notwithstanding the Verdict," and the superior court denied the motion on June 28, 2024. On July 5, 2024, Allison filed this

application for discretionary appeal, and CalCon has filed a motion to dismiss the application, arguing that we lack jurisdiction. We agree with CalCon.

Pretermitting whether the application is barred by the law of the case, it is untimely. Ordinarily, an application for discretionary review must be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-35 (d). Under OCGA § 44-7-56, however, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999); see also Court of Appeals Rule 31 (a). Here, Allison filed his application on July 5, which was 63 days after the superior court issued its order dismissing the second petition for review.

The filing of Allison's motion for new trial or judgment notwithstanding the verdict does not make the application timely. Where a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing an application for discretionary appeal. See *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986). We have held that a motion for new trial is not the proper method for reviewing a judgment of dismissal. See *Luster v. Bank of America, N.A.*, 331 Ga. App. 510, 511 (769 SE2d 394) (2015). Likewise, a motion for judgment notwithstanding the verdict is improper in the absence of a verdict. See *Avion Systems v. Bellomo*, 338 Ga. App. 141, 144-145 (2) (789 SE2d 374) (2016).

Because Allison's motion for new trial or judgment notwithstanding the verdict was not the appropriate vehicle for challenging the superior court's ruling, it did not operate to extend the time for filing an application for discretionary appeal. As no timely application was filed from the superior court's order dismissing the second petition for review, we lack jurisdiction to consider this matter.

Accordingly, CalCon's motion to dismiss is hereby GRANTED, and the application is hereby DISMISSED.[1] CalCon's motion for sanctions will be addressed in a separate order.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __07/16/2024__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] It appears that ten days after the superior court denied Allison's motion for new trial or judgment notwithstanding the verdict, Hardwick, on behalf of Allison, also filed a notice of appeal seeking review of the same order that is at issue in this application, but that appeal has not yet been docketed in this Court. We note that dismissal of this application bars Allison from seeking further review of the trial court's order, see *Norris v. Norris*, 281 Ga. 566, 567-568 (2) (642 SE2d 34) (2007), and we remind Allison and his counsel that this Court is empowered to impose sanctions upon a party who proceeds with a frivolous appeal. See Court of Appeals Rule 7 (e) (2). Thus, we caution Allison and his attorney against filing future motions or pleadings in this Court that have no substantial basis in law as such may result in the imposition of sanctions.