**FOURTH DIVISION
DILLARD, P. J.,
BROWN and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**January 29, 2025**

# In the Court of Appeals of Georgia

A24A1174. BELLOMO v. TECH MAHINDRA (AMERICAS), INC.

BROWN, Judge.

In the fifth appearance of this case before this Court stemming from litigation involving Giacomo Bellomo and his former employer, Avion Systems, Inc. ("Avion"), Bellomo appeals from the trial court's order awarding Tech Mahindra (Americas), Inc. ("Tech M"), $1,730,731.33 in attorney fees and costs pursuant to OCGA § 9-11-68, Georgia's offer of settlement statute.[1] Bellomo contends that the trial court abused

---

[1] On the first appearance, we denied an application filed by Bellomo for interlocutory appeal of the trial court's order denying his motion to dismiss on jurisdictional grounds Avion's complaint against him alleging unjust enrichment, breach of fiduciary duty, and tortious interference. On the second appearance, we affirmed the trial court's grant of summary judgment to Bellomo on Avion's claim for breach of fiduciary duty and a jury verdict in favor of Bellomo on Avion's claim for unjust enrichment and Bellomo's counterclaims. See *Avion Systems v. Bellomo*, 338 Ga.

its discretion in finding that Tech M's offer to settle was made in good faith and used an erroneous methodology to calculate the amount of the award. For the reasons set forth below, we affirm in part and vacate in part, and remand the case with direction.

Following is a brief summary of the pertinent facts, culled mostly from our decisions in *Avion Systems v. Bellomo*, 338 Ga. App. 141 (789 SE2d 374) (2016) ("*Bellomo II*") and *Bellomo v. Tech Mahindra (Americas)*, 366 Ga. App. XXVII (Case Nos. A22A0859, A22A1068) (November 1, 2022) (unpublished) ("*Bellomo IV*"). Avion and Bellomo filed claims against each other related to their employment relationship. *Bellomo II*, 338 Ga. App. at 142. A jury found in favor of Bellomo on Avion's claim for unjust enrichment and Bellomo's counterclaims for breach of contract, payment of unpaid commissions, unpaid bonus, expense reimbursement, prejudgment interest, and attorney fees, and on January 12, 2015, the trial court entered judgment in favor of Bellomo in the amount of $304,667. Id. Frustrated in his

---

App. 141 (789 SE2d 374) (2016). On the third appearance, we denied an application for interlocutory appeal filed by Tech M, seeking to appeal an order denying Tech M's motion for summary judgment and motion to dismiss Bellomo's amended complaint. On the fourth appearance, we affirmed the trial court's dismissal of Bellomo's civil conspiracy claim against Tech M, and ruled as moot Tech M's cross-appeal from the trial court's denial of its motion for summary judgment. See *Bellomo v. Tech Mahindra (Americas)*, 366 Ga. App. XXVII (Case Nos. A22A0859, A22A1068) (November 1, 2022) (unpublished).

attempt to collect the judgment, Bellomo sued various parties in 2017, including Avion, Avion Networks, Avacend Corporation, Kanchana Raman (collectively the "Avion Defendants"), and Tech M, alleging that Avion transferred all of the assets associated with its two lines of telecommunications business — turnkey and staffing — to the other Avion Defendants for less than the market value of those assets, leaving Avion with no assets with which to satisfy Bellomo's judgment. *Bellomo IV*, Slip Op. at 3-4. Bellomo asserted various claims, including fraudulent conveyance, civil conspiracy, alter ego, and fraudulent concealment. Id. at 3. Bellomo's only claim against Tech M was for civil conspiracy predicated on the fraudulent conveyance claim against the Avion Defendants. Id. at 4. On July 9, 2021, shortly before trial, Bellomo settled all claims with the Avion Defendants and the trial court released them from the trial, leaving Tech M as the sole defendant. Id. at 4. All claims between Bellomo and the Avion Defendants were dismissed with prejudice on September 24, 2021. Three days later, the trial court granted Tech M's motion to dismiss on the ground that an independent conspiracy claim can not survive settlement of the underlying tort of fraudulent conveyance.[2] Id. at 5-6. Bellomo appealed that order, and

---

[2] In its motion to dismiss, Tech M alleged that "Bellomo was foreclosed from proceeding with the conspiracy claim [against Tech M because the claim] was based

this Court affirmed. Id. at 11-13 (2). Following remittitur, Tech M moved for attorney fees and costs pursuant to OCGA § 9-11-68, Georgia's offer of settlement statute, contending that it had served Bellomo with an offer of settlement of $10,000 on October 23, 2017, which Bellomo had rejected, and that between November 21, 2017, and September 27, 2021, it had incurred $1,250,824.12 in attorney fees and $417,863.77 in expenses. Following an evidentiary hearing, the trial court granted the motion, awarding Tech M $1,730,731.33 in attorney fees and costs.

1. Asserting several arguments, Bellomo contends that the trial court abused its discretion in concluding that the $10,000 offer was made in good faith.[3] We disagree.

---

on a theory of aiding and abetting the fraudulent transfer of [Avion's] assets, [and] any alleged liability terminated when the fraudulent transfer claim, the underlying tort, was settled and dismissed." *Bellomo IV*, Slip Op. at 5.

[3] To the extent Bellomo contends that the trial court's order cannot be affirmed because it fails to explain its reasons for finding good faith, there is no merit in this argument. "By its terms, OCGA § 9-11-68 does not require that the trial court make written findings of fact or conclusions of law unless the court concludes that an offer was not made in good faith[.]" *Cohen v. The Alfred & Adele Davis Academy*, 310 Ga. App. 761, 764 (2) (714 SE2d 350) (2011) (concluding that $750 offer of settlement was not made in bad faith in case where trial court awarded $84,104.63 in attorney fees and expenses under OCGA § 9-11-68). Here, the trial court concluded that the offer was made in good faith.

OCGA § 9-11-68 provides, in relevant part, that if a defendant makes an offer of settlement pursuant to subsection (a), and the plaintiff rejects it, then

> the defendant shall be entitled to recover reasonable attorney[ ] fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

OCGA § 9-11-68 (b) (1). The statute further provides that the trial "court shall order the payment of attorney[ ] fees and expenses of litigation upon receipt of proof that the judgment is one to which the provisions of either paragraph (1) or paragraph (2) of subsection (b) of this Code section apply[.]" OCGA § 9-11-68 (d) (1). Nevertheless, "[i]f a party is entitled to costs and fees pursuant to the provisions of this Code section, the court may determine that an offer was not made in good faith in an order setting forth the basis for such a determination. In such case, the court may disallow an award of attorney[ ] fees and costs." OCGA § 9-11-68 (d) (2). "We review for abuse of discretion the trial court's decision on whether a settlement offer was made in good or bad faith. An abuse of discretion occurs where a ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law."

5

(Citations and punctuation omitted.) *Coastal Bank v. Rawlins*, 347 Ga. App. 847, 848 (821 SE2d 89) (2018). We defer to the trial court on the issue of good faith because the trial court is familiar with the case and is in the best position to assess the case, the parties, the lawyers, and may "consider disputed evidence within the context of [the] entire proceeding." (Citation and punctuation omitted.) *Great West Cas. Co. v. Bloomfield*, 313 Ga. App. 180, 183 (2) (721 SE2d 173) (2011). "Further, on appeal, this [C]ourt must not substitute its judgment for that exercised by the trial court when there is some support for the trial court's conclusion." (Citation and punctuation omitted.) Id. See also *Coastal Bank v. Rawlins*, 363 Ga. App. 627, 635 (3) (b) (871 SE2d 894) (2022) ("[a]s a court of review, we assess only whether some evidence supported the trial court's determinations; whether we may have reached different conclusions, faced with the same evidence, plays no part in our determination"). The burden is on the offeree to show that the offer of settlement was not made in good faith. See *Hillman v. Bord*, 347 Ga. App. 651, 655 (2) (820 SE2d 482) (2018) (physical precedent only). "Further, a party's reasonable and correct determination that its exposure is minimal, and its offer to settle the matter for a nominal value, does not require a finding that its offer was made in bad faith." Id. at 657 (2) (a).

This Court adopted Florida's test for determining whether an offer of settlement was made in good faith. See *Richardson v. Locklyn*, 339 Ga. App. 457, 459-461 (793 SE2d 640) (2016). "[W]hether an offer was made in good faith rests on whether the offeror has a reasonable foundation on which to base the offer and that so long as the offeror has a basis in known or reasonably believed fact to conclude that the offer is justifiable, the good faith requirement has been satisfied." *Coastal Bank*, 347 Ga. App. at 850-851 (1). Importantly, "[w]hether the offeror has a reasonable basis to support the offer is determined solely by the offeror's own subjective motivations and beliefs." Id. Where the offer is nominal,

> the trial court may consider objective factors including: (1) whether the offer bore no reasonable relationship to the amount of damages, (2) a realistic assessment of liability, or (3) that the offeror lacked intent to settle the claim. However, the trial court cannot base a ruling exclusively on the objective factors but is instead required to consider the offeror's explanation and then determine whether, despite consideration of the objective factors the offeror had a subjectively reasonable belief on which to base its offer.

(Citation and punctuation omitted.) Id.

*Bellomo's Arguments*

7

In support of his claim that the trial court abused its discretion in concluding that Tech M's offer was reasonable and made in good faith, Bellomo makes several arguments. First, Bellomo contends that the offer was not premised on a realistic assessment of Tech M's potential liability[4] and bore no reasonable relationship to Tech M's financial exposure if Bellomo's conspiracy claim against it had been successful.[5] Second, Bellomo alleges that at the time Tech M extended its offer, it alone was in possession of nearly all of the relevant documents, and Bellomo was in possession of almost none of the relevant evidence and therefore lacked knowledge of

[4] Bellomo alleges that throughout the litigation, Tech M continued to make "improved" settlement offers, thus proving that the initial offer was not a realistic assessment of its liability. While Tech M confirmed in an affidavit (and during oral argument ) that it had made multiple offers, the record contains no evidence of the amount of those offers. Compare *Bloomfield*, 313 Ga. App. at 182 (2) (affirming trial court's denial of attorney fees under OCGA § 9-11-68 on the ground that defendant's initial $25,000 offer of judgment in wrongful death case was not made in good faith based in part on the fact that the defendant later made a second offer of judgment for $1 million).

[5] In its brief, Tech M relies on *Cohen*, supra, for the assertion that Georgia courts have found offers far below the claimed damages to be in good faith. In that case, the defendant made an offer of settlement in the amount of $750, and we affirmed the trial court's award of $84,104.63 in attorney fees and expenses to the defendant pursuant to OCGA § 9-11-68. *Cohen*, 310 Ga. App. at 761-762, 763 (1). Tech M contends that the plaintiff in *Cohen* sought to recover $600,000 from the defendant and that the offer was 0.1 percent of what the plaintiff sought to recover. But, nowhere in that opinion did this Court state the amount of damages sought.

the asset transfer, knowing only that he was unable to satisfy his judgment and that Tech M had been involved in the asset transfer, and could not fully evaluate the offer before it expired. In this vein, Bellomo points out that Tech M refused to produce the documents unless his counsel signed an NDA subjecting her to the jurisdiction of the New York courts and barring her from discussing the documents with Bellomo. Third, Bellomo contends that the offer was not made in good faith because the evidence suggests that Tech M lacked the intent to settle when it made the "low-ball" offer. In support of this contention, Bellomo argues that if Tech M really believed it had been sued in error, it would not have demanded that Bellomo accept impossible terms in order to access the relevant documents. Underlying all of these arguments is the suggestion that this Court should not defer to the trial judge's decision in this case because (1) she was appointed to the bench after Tech M had already incurred the bulk of the fees and costs it claims in its fee petition and (2) Tech M's own assessment of its financial liability was unbelievable given the amount it spent on unsuccessful motions and appeals.

*Tech M's Arguments*

In response, Tech M first contends that its offer was made in good faith because Bellomo's case against Tech M had no merit. In this regard, Tech M points out that Bellomo was aware that the transaction between Tech M and Avion was in the works months before Bellomo won his judgment; knew that Avion had been insolvent years before the judgment; and was also aware that Avion's property was covered by a lien in favor of Fifth Third Bank. Tech M also alleges that it had no knowledge of the existence of Bellomo's judgment until the day Bellomo filed his complaint in this action and that discovery from non-party Fifth Third Bank revealed that Bellomo's difficulties in collecting the judgment from Avion stemmed from the fact that Avion was in default to a secured lender with valid first priority liens.

Tech M further contends that it genuinely believed that Bellomo had mistakenly sued it and that counsel elected to request an NDA because he did not want to enter a special appearance (in order to secure a confidentiality order) and risk waiving Tech M's personal jurisdiction defense. Lastly, Tech M contends that counsel's testimony from the evidentiary hearing makes clear that at the time of the offer it believed it had no liability; hoped Bellomo was genuinely mistaken in suing it; and only sued Tech M because it has deep pockets.

*Analysis*

As this Court has made clear, it is up to the trial court to determine whether an offer to settle under OCGA § 9-11-68 is reasonable and was made in good faith. See *Bloomfield*, 313 Ga. App. at 183 (2) (affirming trial court's decision not to award attorney fees under OCGA § 9-11-68). See also *Coastal Bank*, 363 Ga. App. at 630-631. "It is a factual determination, based on the trial court's assessment of the case, the parties, the lawyers, and all of the other factors that go into such a determination, which the trial court has gathered during the progress of the case." *Bloomfield*, 313 Ga. App. at 183 (2). It is a highly deferential standard because as the Supreme Court of Georgia has indicated, "unlike appellate courts, [trial courts] are familiar with a piece of litigation from its inception, hear first-hand the arguments of counsel, and consider disputed evidence within the context of an entire proceeding." *Cooper Tire & Rubber Co. v. Crosby*, 273 Ga. 454, 457 (2) (543 SE2d 21) (2001). See also *Bloomfield*, 313 Ga. App. at 183 (2). Indeed, neither our research nor the research of the parties has revealed a single Georgia case reversing for an abuse of discretion a trial court's finding on the issue of whether or not an offer was made in good faith.

We are not persuaded by Bellomo's arguments. As set forth above, "a party's reasonable and correct determination that its exposure is minimal, and its offer to settle the matter for a nominal value, does not require a finding that its offer was made in bad faith." *Hillman*, 347 Ga. App. at 656-657 (2) (a) (affirming award of attorney fees under OCGA § 9-11-68, and rejecting plaintiffs' claim that the offer of settlement was too low and made after only rudimentary paper discovery). Pretermitting that this Court has never defined "nominal value," as in *Hillman*, here, Tech M's counsel testified at the evidentiary hearing that he did not believe that Tech M had "liability . . . and [was] being kept in the case . . . because [it was] a deep pocket" and that he thought Bellomo had made a mistake including Tech M in the lawsuit. See id. at 657 (2) (a). Counsel also testified that Tech M had no knowledge of Bellomo or his judgment when it engaged in the transaction with Avion and that Tech M tendered the offer "to cover the expenses [Bellomo] incurred in making the mistake in filing[.]" This subjective evidence supported a determination that Tech M's offer was made in good faith. See *Coastal Bank*, 347 Ga. App. at 850-851 (1) ("so long as the offeror has a basis in known or reasonably believed fact to conclude that the offer is justifiable, the good faith requirement has been satisfied") (citation and punctuation omitted). That

we may have reached a different conclusion based on this evidence and the objective

factors on which Bellomo relies plays no part in our analysis. Moreover, the trial court

is presumed to be familiar with the progress of the case and was authorized to

conclude that Tech M's offer bore a reasonable relationship to what it believed its

exposure to be; that a new trial judge took over the case does not demand a finding

that the trial court was unfamiliar with the progress of the case, and therefore abused

its discretion in finding that Tech M's offer was made in good faith.[6]

Likewise, notwithstanding Bellomo's argument to the contrary, the success or

failure of Tech M's various substantive motions is not determinative of whether

Bellomo's claims were meritorious or not. Cf. *Dills v. Bohannon*, 208 Ga. App. 531,

532 (431 SE2d 123) (1993) (under OCGA § 9-15-14, denial of a defendant's motion for

summary judgment on a plaintiff's complaint does not constitute a "binding

determination . . . that plaintiff's claim did not lack substantial justification") (citation

and punctuation omitted), citing *Porter v. Felker*, 261 Ga. 421, 422 (2) (405 SE2d 31)

(1991). Indeed, even though the trial court ultimately dismissed Bellomo's claim

against Tech M for civil conspiracy — and this Court affirmed — because a cause of

---

[6] As Bellomo notes in his brief, the trial judge took over the case in 2019, after motions for summary judgment were briefed but before oral argument.

action imposing civil liability for conspiracy generally cannot exist on its own,[7] our caselaw does not require a connection between the reason a case fails or results in a final judgment and a party's subjective good faith basis for its settlement offer. See, e.g., *Eaddy v. Precision Franchising*, 320 Ga. App. 667, 670 (739 SE2d 410) (2013); *Cohen v. The Alfred & Adele Davis Academy*, 310 Ga. App. 761, 763 (1) (714 SE2d 350) (2011) (rejecting claim that defendant's offer was not made in good faith where the trial court granted defendant's motion for summary judgment, and plaintiff ultimately dismissed her appeal of that order). Cf. *Anglin v. Smith*, 358 Ga. App. 38, 40 (853 SE2d 142) (2020) ("[i]n making [a] determination that [a] settlement offer was made in good faith, the trial court properly consider[s] the merits of the underlying case").

Finally, to the extent Bellomo contends that the trial court erred in finding good faith because Tech M's "low-ball offer" was grossly disproportionate to the amount it spent on attorney fees, we simply cannot agree. See *Cohen*, 310 Ga. App. at 763 (1) (affirming attorney fee award that was almost 115 times the settlement offer).

---

[7] "To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort. Absent the underlying tort, there can be no liability for civil conspiracy." (Citations and punctuation omitted.) *Patel v. Diplomat 1419VA Hotels*, 358 Ga. App. 732, 742 (4) (856 SE2d 340) (2021).

As explained by the Supreme Court, the clear purpose of OCGA § 9-11-68 is to encourage litigants in tort cases to make and accept good faith settlement proposals in order to avoid unnecessary litigation, which is certainly a legitimate legislative purpose, consistent with this State's strong public policy of encouraging negotiations and settlements.

(Citation and punctuation omitted.) Id. Under the circumstances, the trial court did not abuse its discretion in concluding that Tech M made its settlement offer in good faith.

2. Bellomo contends that the trial court abused its discretion by applying faulty methodology to calculate the award. In support of this contention, Bellomo alleges that the trial court picked a number out of thin air;[8] awarded costs and fees incurred after September 27, 2021, the date the trial court dismissed Bellomo's claim against Tech M with prejudice, including fees associated with Tech M's motion under OCGA § 9-11-68 and Bellomo's appeal of the dismissal order; and awarded an unreasonable amount. Bellomo also contends that Tech M failed to satisfy its burden

---

[8] We do not agree with Bellomo that the trial court's statement during the hearing about "pick[ing] a number out of the air" in an unrelated case where it awarded over $3,000,000 in attorney fees implied that it was going to — or did — pick a number out of thin air in this case.

to prove the nature of and need for many of services; the reasonableness and value of it services; and the education/training/experience of its attorneys.

As set forth above, "[i]f a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney[] fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability[.]" OCGA § 9-11-68 (b) (1). "[T]he party seeking fees must . . . introduce evidence of hours, rates, or some other indication of the value of the professional services actually rendered." (Citation and punctuation omitted.) *Ga. Dept. of Corrections v. Couch*, 295 Ga. 469, 483 (3) (a) (759 SE2d 804) (2014).

In this case, Tech M was represented by New York counsel and local counsel. Attorneys from both firms filed affidavits in support of the motion for fees, attesting to the amount of and reasonableness of legal fees and expenses, total hours worked, and their rates. Similar affidavits were filed in support of a supplemental motion for fees, attesting to the amount and reasonableness of additional fees and expenses incurred between September 28, 2021, and June 27, 2023. Invoices were attached to

16

both affidavits and detailed time sheets were admitted during the evidentiary hearing and subsequently filed under seal. Tech M's counsel also testified during the evidentiary hearing, described his education and experience, and was cross-examined by Bellomo's counsel about the time sheets. Counsel also testified about their rates and confirmed that the invoices were reasonable and that the time billed was accurately recorded. As in *Shaha v. Gentry*, 359 Ga. App. 613 (859 SE2d 567) (2021), Tech M's "claim for attorney fees was supported with adequate specification." Id. at 615 (1).

Nonetheless, we find merit in Bellomo's contention that the trial court erred in awarding attorney fees and costs incurred by Tech M for appellate proceedings or those incurred for preparation of the petition for fees and expenses. "[B]ecause any statute that provides for the award of attorney fees is in derogation of common law, it must be strictly construed against the award of such damages." (Citation and punctuation omitted.) *Harris v. Mahone*, 340 Ga. App. 415, 418 (1) (797 SE2d 688) (2017). "[S]tatutes, including OCGA § 9-11-68, must be limited strictly to the meaning of the language employed, and not extended beyond the plain and explicit terms of the statute." (Citations and punctuation omitted.) Id. at 422 (1). In that vein,

17

when we consider the meaning of a statute, "our charge as an appellate court is to presume that the General Assembly meant what it said and said what it meant." (Citations and punctuation omitted.) Id. at 418 (1). Nothing in the language of OCGA § 9-11-68 indicates that the General Assembly contemplated an award of fees incurred for appeals. In comparison, in *Kautter v. Kautter*, 286 Ga. 16 (685 SE2d 266) (2009), the Supreme Court of Georgia held that the trial court did not err in including in its award attorney fees incurred for appellate proceedings during the pendency of the litigation under OCGA § 19-6-2,[9] but noted that a trial court may not award such fees under OCGA § 9-15-14, citing OCGA § 9-11-68 (b) (1) in support.[10] Id. at 19-20 (4) (c) (OCGA § 9-11-68 (b) (1) "expressly limit[s] award of fees to those incurred from date of rejection of offer of settlement through entry of judgment"). See *Day v. Mason*, 357 Ga. App. 836, 847 (851 SE2d 825) (2020) ("whether a statute that authorizes an award of attorney fees also includes an award of appellate fees depends on the language of the statute"; neither OCGA § 9-15-14 (b) nor OCGA § 13-6-11

---

[9] OCGA § 19-6-2 (a) provides for the grant of attorney fees "made at any time during the pendency of the litigation."

[10] Implicit in its citation to OCGA § 9-11-68 (b) (1) is the conclusion that OCGA § 9-11-68 (b) (1) does not include attorney fees and expenses incurred for appellate proceedings or those incurred for preparation of the petition for fees and expenses.

authorizes an award of expenses related to appellate proceedings). See also *Wheatley v. Moe's Southwest Grill*, 580 FSupp.2d 1324, 1326 (II) (A) (N.D. Ga. 2008). The language of OCGA § 9-11-68 supports a finding that its terms end when a case leaves the trial court. Thus, any fees Tech M incurred for appellate proceedings — including its unsuccessful interlocutory application to this Court — or those incurred for preparation of the petition for fees and expenses are not recoverable. Because the trial court appears to have included such fees in its calculation of the award in this case, we must vacate the award and remand for the trial court to recalculate the award accordingly.

*Judgment affirmed in part and vacated in part, and case remanded with direction. Dillard, P. J., and Padgett, J., concur.*