**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 20, 2015**

# In the Court of Appeals of Georgia

A14A2303. BELL v. WAFFLE HOUSE, INC.                     DO-115

DOYLE, Presiding Judge.

Plaintiff George Bell appeals from the trial court's award of attorney fees and litigation expenses under OCGA § 9-11-68 (b) (1), contending that the trial court erred by entering such an award in favor of defendant Waffle House, Inc., without holding an evidentiary hearing. For the reasons that follow, we affirm the award.

The record shows that Bell sued Waffle House after he was arrested following an altercation with a Waffle House waitress who alleged that Bell threw a plate at her. Pursuant to OCGA § 9-11-68, Waffle House tendered Bell an offer to settle the case for $25,000, but Bell rejected the offer, so Waffle House moved for summary judgment, which motion was granted by the trial court. Bell appealed that order, and this Court affirmed the judgment without opinion pursuant to Court of Appeals Rule

36.[1] Bell petitioned the Supreme Court of Georgia for certiorari to review that decision, and the Supreme Court unanimously denied his petition.[2]

Upon remittitur, Waffle House moved the trial court for an award of attorney fees pursuant to the offer of settlement provision in OCGA § 9-11-68 (b) (1). Waffle House attached exhibits showing that Bell had rejected their offer as well as an affidavit attesting to the amount of and reasonableness of legal fees and expenses incurred by Waffle House shown in attached billing records. Bell filed a two-page written response that reads in its entirety as follows:

> Waffle House has failed to submit an affidavit for each attorney [for whom] it is seeking attorney fees. Waffle House has only submitted the affidavit of Robert Ingram. Waffle House has failed to submit the affidavits for Ryan Ingram, Shane Mayes, Tammi Brown and Angela H. Smith. "Each attorney for whose services compensation is sought must provide admissible evidence of fees in the form of personal testimony, or through the testimony of the custodian of the applicable billing records, as an exception to the hearsay exclusion." *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666, 669 (1996). Because each attorney has not submitted an affidavit, Waffle House is not entitled to those attorney fees.

---

[1] See Court of Appeals Case No. A13A0730.

[2] See Supreme Court Case No. S13C1825.

2

WHEREFORE, the Court should deny Waffle House's Motion for Attorney

fees.

Bell did not challenge the reasonableness of the hourly rates or the time spent on the

matter.

In reply, Waffle House argued that one affidavit from the lead attorney with

personal knowledge of the case and billing was sufficient under the business records

exception to the hearsay rule.

Thereafter, without holding a hearing, the trial court entered an order granting

Waffle House's motion and awarding $27,276.37 in legal fees and expenses.[3] Bell

filed this appeal, contending that the trial court erred by entering the award without

a hearing.

OCGA § 9-11-68 (b) (1) provides as follows:

> If a defendant makes an offer of settlement [in accordance with the Code
> section] which is rejected by the plaintiff, the defendant shall be entitled
> to recover reasonable attorney's fees and expenses of litigation incurred
> by the defendant or on the defendant's behalf from the date of the
> rejection of the offer of settlement through the entry of judgment if the

---

[3] We note that, perhaps due to a typographical error, this amount was exactly $100 more than the $27,176.37 sought by Waffle House in its motion, but this discrepancy is not material to our analysis on appeal.

final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

The statute requires the Court to award the payment of attorney fees and expenses of litigation upon receipt of proof that the judgment is one to which the provisions of the statute apply, but it is silent on whether or not a hearing is required.[4]

With respect to other statutes awarding attorney fees, such as OCGA § 9-15-14, the Supreme Court has held that even in the absence of a hearing requirement in the Uniform Superior Court Rules, "[a] hearing *is* required in order to enter an award of attorney fees. That is because an oral hearing gives the party opposing attorney fees an opportunity to confront and challenge testimony with regard to the need for, and value of, legal services."[5] Likewise, in the context of an award under OCGA § 14-2-1604, which contains an automatic fee award under certain conditions and also lacks an explicit hearing requirement, this Court has held that "[a] party opposing a claim

---

[4] OCGA § 9-11-68. Here, Waffle House has demonstrated that it is entitled to reasonable attorney fees pursuant to this sub-section.

[5] (Citation omitted; emphasis in original.) *Evers v. Evers*, 277 Ga. 132, 132 (1) (587 SE2d 22) (2003), citing *Green v. McCart*, 273 Ga. 862, 863 (1) (548 SE2d 303) (2001). See also *Mitcham v. Blalock*, 214 Ga. App. 29, 32-33 (2) (447 SE2d 83) (1994) (remanding for a hearing to address a claim for fees pursuant to OCGA § 9-11-37 for discovery abuses), overruled in part on other grounds by *Felix v. State*, 271 Ga. 534, 537 (523 SE2d 1) (1999).

for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services."[6]

Waffle House notes that OCGA § 9-11-68 (b) does not explicitly require a hearing, but another subsection, OCGA § 9-11-68 (e), does.[7] Therefore, it argues that the General Assembly did not intend for a hearing to be required here.[8] But even where the Code does not require hearings, Georgia's courts have required hearings because such an award must be supported by evidence-based factual findings.[9]

---

[6] (Punctuation omitted.) *Motor Warehouse v. Richard*, 235 Ga. App. 835, 836 (2) (510 SE2d 600) (1998).

[7] OCGA § 9-11-68 (e) provides, in part: "Upon motion by the prevailing party at the time that the verdict or judgment is rendered, the moving party may request that the finder of fact determine whether the opposing party presented a frivolous claim or defense. In such event, *the court shall hold a separate bifurcated hearing* at which the finder of fact shall make a determination of whether such frivolous claims or defenses were asserted and to award damages, if any, against the party presenting such frivolous claims or defenses." (emphasis supplied).

[8] See, e.g., *Fair v. State*, 284 Ga. 165 (2) (b) (664 SE2d 227) (2008) (When interpreting a statute, courts must presume that an omission of certain statutory language included elsewhere was intentional.)

[9] See, e.g., *Green*, 273 Ga. at 863 (1) (2001); *Rowan v. Reuss*, 246 Ga. App. 139, 141 (1) (539 SE2d 241) (2000); *C.A. Gaslowitz & Assocs. v. ZML Promenade*, 230 Ga. App. 405, 406 (496 SE2d 470) (1998).

Pretermitting whether the trial court was required to hold a hearing under OCGA § 9-11-68 in this case, Bell waived the right to a hearing by his conduct. In his written response, Bell made no request for a hearing, he did not challenge the reasonableness of the hourly rates or the time spent on the matter, and he made only a procedural argument unrelated to the sufficiency of the evidence supporting Waffle House's motion.[10] The single issue raised by Bell – i.e., that the affidavit was procedurally flawed – did not require a hearing. Bell was given notice and an opportunity to respond to Waffle House's request for attorney fees, and if he intended to contest the reasonableness of those fees or the substance of Waffle House's evidence, he could have done so in his written response. In light of Bell's response, it was reasonable for the trial court to conclude that Bell did not contest the reasonableness of the fees sought and did not need a hearing testing the evidence supporting those fees.[11] There being no dispute as to the reasonableness of the fees,[12]

[10] Compare *Munoz v. American Lawyer Media, L.P.*, 236 Ga. App. 462, 467 (3) (a) (512 SE2d 347) (1999) (opposing party's timely response specifically objecting to amount, reasonableness and necessity of fees was sufficient to preclude a waiver by opposing party's conduct).

[11] As encouraged by the Court in *Munoz*, we reiterate that parties who desire evidentiary hearings should make timely requests for such, "as generally, the filing of a request for hearing will preclude waiver by conduct." Id. at 467. See also *Williams v. Becker*, 294 Ga. 411, 413 (2) (a) (754 SE2d 11) (2014) ("it is good

6

the trial court did not err by ruling on Bell's legal argument and entering an award in favor of Waffle House without a hearing. Accordingly, because Bell makes no other challenge to the award on appeal, the award is affirmed.

*Judgment affirmed. Miller and Dillard, JJ., concur*.

---

practice to make a specific request for a hearing in response to a motion for attorney fees, since that will remind the trial court of the hearing requirement and weigh against any finding that a hearing was waived."). See generally *Campbell v. Allen*, 208 Ga. 274, 278 (1) (66 SE2d 226) (1951) ("To paraphrase the Latin maxim 'Cessante ratione legis, cessat beneficium legis' (meaning, the reason for the law ceasing, the benefit of the law ceases) – where the real purpose of the rule is satisfied, the application of the rule itself ceases. Rules of court should be construed with reference to the reason upon which they rest, so as to promote the object which the framers of the rules had in adopting them, and to insure as far as possible just results in all cases and minimize possibilities of injustice being done to the parties.")

[12] Bell does not challenge the reasonableness of the award on appeal, nor does he challenge the trial court's ruling on the admissibility of Waffle House's affidavit.