Boggs, Judge.
Freida Latrice Richardson appeals the trial court’s denial of her motion for attorney fees under Georgia’s “offer of settlement statute,” OCGA § 9-11-68. For the reasons that follow, we vacate the judgment and remand this case for an evidentiary hearing on the request for attorney fees pursuant to that Code section.
In May 2014, Quandra Nicole Locklyn sued Richardson for damages allegedly arising from a 2012 automobile collision. Specifically, Locklyn sought recovery for her medical bills, lost wages, and pain and suffering. During discovery, Locklyn produced medical bills totaling $18,927.25. The bills covered ambulance services and hospital care that she received on the day of the collision, as well as further medical treatment that she sought later. In July 2014, Richardson sent Locklyn a formal offer under OCGA § 9-11-68 to settle her claims for $12,500. Locklyn rejected the offer.
At trial, Richardson stipulated to her liability, but she disputed the extent of Locklyn’s injuries and whether those injuries were *458 caused by the collision. Locklyn testified that she felt pain in her leg and head immediately after the collision, was given arm and neck braces in the emergency room, and subsequently followed up with specialists. She claimed that she had ongoing pain and numbness in her hands and feet as a result of the collision. Locklyn presented no evidence concerning any lost wages.
On cross-examination, Locklyn admitted that she had been “disabled” for the past five years for other reasons, that she had suffered a lower back injury in 2010, and that she had been in a single-car accident in 2013. Locklyn called no expert or lay witnesses to provide any further evidence about the nature or cause of her injuries. The jury returned a $6,948.25 verdict for Locklyn, which was the total amount of her bills for ambulance services and hospital treatment on the day of the collision.
After trial, Richardson filed a motion for attorney fees and litigation expenses pursuant to OCGA § 9-11-68, based on Locklyn’s rejection of her settlement offer. Locklyn filed a response to the motion asserting that the offer was not made in good faith “based on medical expenses incurred and the liability of [Richardson].” Richardson did not respond to Locklyn’s assertion that the offer of settlement was not made in good faith, and the trial court subsequently denied her motion for attorney fees pursuant to OCGA § 9-11-68, ruling as follows:
[A]t the time the Defendant made the settlement offer of $12,500, the Plaintiff’s medical expenses were $18,927.25, exceeding the offer. This amount was known to the Defendant at the time of the offer and disclosed during the discovery period and was not a reasonable offer or a realistic assessment of liability Additionally, the Defendant stipulated to liability at trial and thus there were no issues of liability in dispute. For the foregoing reasons, the Court finds that the offer to settle made by the defendants [sic] was not in good faith based upon the overall record and evidence presented at trial.
Richardson appeals.
If a defendant makes a written offer to settle a tort claim in accordance with OCGA § 9-11-68 (a),[1] and the plaintiff rejects the *459 offer,
the defendant shall be entitled to recover reasonable attorney’s fees and expenses of litigation incurred by the defendant or on the defendant’s behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.
(Emphasis supplied.) OCGA § 9-11-68 (b) (1). If the defendant provides proof to the court that the foregoing provision applies to the judgment, then the court “shall order the payment of attorney’s fees and expenses of litigation.” (Emphasis supplied.) OCGA § 9-11-68 (d) (1). The court, however, may disallow an award of otherwise eligible fees and expenses if it “determine[s] that an offer was not made in good faith in an order setting forth the basis for such a determination.” OCGA § 9-11-68 (d) (2).[2]
It is undisputed that Richardson was entitled to an award of attorney fees and expenses under OCGA § 9-11-68 (b) (1) because Locklyn’s jury verdict was less than 7 5 percent of the settlement offer. Nonetheless, the trial court declined to enter such an award because it concluded that Richardson’s offer was not made in good faith based upon the relationship between the amount of the offer and Locklyn’s medical expenses, as well as Richardson’s admission of liability Whether these objective factors are sufficient to support a finding of a lack of good faith is problematic given that good faith is not defined in the statute and there is a dearth of case law in Georgia interpreting its meaning.
Georgia’s offer of settlement statute, part of the Tort Reform Act of 2005, is modeled after Florida’s offer of judgment statute, Fla. Stat. § 768.79,[3] and both statutes authorize a trial court to disallow attorney fees based upon a finding that an offer was not made in good *460 faith.[4] See Merritt E. McAlister, “The Swift, Silent Sword Hiding in the (Defense) Attorney’s Arsenal: The Inefficacy of Georgia’s New Offer of Judgment Statute as Procedural Tort Reform,” 40 Ga. L. Rev. 995, 1010-1011 (III) n. 61 (2006); Fla. Stat. § 768.79. We therefore look to our sister state for guidance in its application. Cf. Zaldivar v. Prickett, 297 Ga. 589, 598-599 (1) (774 SE2d 688) (2015) (considering “judicial understandings” of other jurisdictions with apportionment statutes similar to that of Georgia). Florida courts have held that
[wjhether the offeror has good faith rests on whether the offeror has a reasonable foundation on which to base the offer. So long as the offeror has a basis in known or reasonably believed fact to conclude that the offer is justifiable, the good faith requirement has been satisfied. In the context of a nominal offer of judgment, this court has held that where the offeror has a reasonable basis to believe that exposure to liability is minimal, a nominal offer is appropriate. Whether the offeror has a reasonable basis to support the offer is determined solely by the subjective motivations and beliefs of the offeror. In making this determination, the trial court is not restricted to the testimony of the offeror attesting to good faith; rather, the court may properly consider objective evidence of facts and circumstances that suggest whether the offeror made the offer with subjective good faith.
(Citations and punctuation omitted.) Arrowood Indem. Co. v. Acosta, Inc., 58 So3d 286, 289 (Fla. Ct. App. 2011). See also Gawtrey v. Hayward, 50 So3d 739 (Fla. Ct. App. 2010); Gurney v. State Farm Mut. Auto., 889 So2d 97 (Fla. Ct. App. 2004). “Several types of objective evidence have been found relevant to a finding of good faith,” Arrowood, supra, including (1) whether “the offer bore no reasonable relationship to the amount of damages or [(2)] a realistic assessment of liability, or [(3)] that [the offeror] lacked intent to settle the claim.” (Citation omitted.) Allstate Ins. Co. v. Manasse, 715 So2d 1079, 1082 (Fla. Ct. App. 1998). Other examples of objective evidence *461 include whether the offer was made prematurely based upon the amount of discovery completed, see Gawtry, supra, 50 So3d at 743 (III), the plaintiff’s medical records, independent medical examination reports, and the amount of property damage. See Gurney, supra, 889 So2d at 100.
While Florida courts may consider objective evidence, they cannot base a ruling “exclusively on the objective factors.” Arrowood, supra, 50 So3d at 290. Instead, they are “required to consider [the offeror’s] explanation and then determine whether, despite consideration of the objective factors . . . [the offeror] had a subjectively reasonable belief on which to base its offer.” Id. at 290. “The fact that [an] offer was nominal in amount is not necessarily determinative of the issue of good faith.” (Citations omitted.) Gawtry, supra, 50 So3d at 743 (II).
In determining whether a party is entitled to attorney fees pursuant to the offer of settlement statute including whether an offer was made in good faith, a Florida appellate court has required a hearing on the issue. See Schapiro v. Rubinson, 784 So2d 1135, 1137 (Fla. Ct. App. 2005); compare Menchise v. Senterfitt, 532 F3d 1146, 1153-1154 (III) (2) (B) (11th Cir. 2008) (Eleventh Circuit taking position that Schapiro does not require a hearing in a bankruptcy case, but noting “a hearing might be necessary if... the court is inclined to deny a motion for attorney’s fees on the basis of a bad faith offer.”).[5] See also Gawtry, supra, 50 So3d at 742 (I); Gurney, supra, 889 So2d at 100. Additionally, Florida courts have held that the burden is on the offeree, or the person seeking to avoid the payment of attorney fees, to prove the absence ofgoodfaith. Gawtry, supra, 50 So3d at 99-100 (II).
In Bell v. Waffle House, 331 Ga. App. 443, 445 (771 SE2d 132) (2015), our court considered whether a hearing should be required where a party seeks attorney fees pursuant to OCGA § 9-11-68, but we did not decide the issue in light of the fee opponent’s waiver. We now hold that a hearing is required for the trial court to determine whether fees will be awarded pursuant to that Code section.
As explained in Bell,
[w]ith respect to other statutes awarding attorney fees, such as OCGA § 9-15-14, the Supreme Court has held that even in the absence of a hearing requirement in the Uniform Superior Court Rules, a hearing is required in order to enter an award of attorney fees. That is because an oral hearing *462 gives the party opposing attorney fees an opportunity to confront and challenge testimony with regard to the need for, and value of, legal services. Likewise, in the context of an award under OCGA § 14-2-1604, which contains an automatic fee award under certain conditions and also lacks an explicit hearing requirement, this Court has held that a party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services.
(Citations and punctuation omitted; emphasis in original.) Id. And as the Supreme Court of Georgia explained in Williams v. Cooper, 280 Ga. 145, 147 (1) (625 SE2d 754) (2006), “for an award under OCGA § 9-15-14 (b), the conduct of the party against whom an award is sought, and the conduct of that party’s counsel, are considered along with the impact of that conduct on the attorney fees incurred by the opposing party” (Citation omitted.)
Similarly, in the context of a request for attorney fees pursuant to the offer of settlement statute, a hearing should be required so that the party opposing fees has an opportunity to confront and challenge whether the fees a party is entitled to under OCGA § 9-11-68 (b), are “reasonable,” and, if raised, to shoulder its burden to prove the absence of good faith. As stated in Bell, “even where the Code does not require hearings, Georgia’s courts have required hearings because such an award must be supported by evidence-based factual findings.” (Citations omitted.) 331 Ga. App. at 446. And if the trial court determines that an offer was not made in good faith, it must set forth the basis for its determination in a written order. OCGA § 9-11-68 (d) (2). This determination can only be properly made upon the offeree shouldering its burden to show the absence of good faith after the presentation of evidence by the parties concerning the offer and the circumstances of the offer.[6]
For these reasons, we hold that a hearing is required for the award of attorney fees pursuant to OCGA § 9-11-68, which may include, as here, the consideration of whether the offer was made in good faith.[7] Our holding in Bell, supra, 331 Ga. App. at 446, does not *463 require a different result. Although a party may waive a hearing expressly or by conduct, a timely objection to the motion “even without a specific request for a hearing, is generally sufficient to preclude a waiver by conduct of the right to an evidentiary hearing.” (Citation and footnote omitted.) Williams v. Becker, 294 Ga. 411, 413 (2) (a) (754 SE2d 11) (2014). Here, Locklyn filed a response to Richardson’s motion for attorney fees asserting that the offer was not made in good faith, therefore triggering the requirement of a hearing. Richardson’s failure to respond to Locklyn’s assertion of no good faith is of no consequence because the requirement of a hearing was already triggered.
We therefore vacate the judgment and remand this case for a hearing on attorney fees under OCGA § 9-11-68.
We disagree with the dissent that because subsection (e) of OCGA § 9-11-68 provides for a bifurcated hearing, requiring a hearing under subsection (d) is inconsistent with the intent of the legislature. We find no requirement that we must harmonize two completely separate issues covered by the same Code section. Subsections (a) through (d) govern offers of settlement, while subsection (e) governs damages for frivolous claims or defenses. The dissent argues further that the Supreme Court of Georgia has imposed a hearing requirement only where the trial court grants an award of fees. But OCGA § 9-11-68 (b) provides that a party shall be entitled to attorney fees under certain circumstances, therefore, the statute itself anticipates an award of fees. And as explained above, the hearing requirement was triggered by Locklyn’s response. Richardson therefore could not abandon any argument with regard to a hearing on fees.[8] *464 Further, where our courts have announced a new hearing requirement, we remand for application of the requirement. See, e.g., C. A. Gaslowitz & Assoc. v. ZML Promenade, 230 Ga. App. 405, 406 (496 SE2d 470) (1998).

Judgment vacated and case remanded with direction.

Branch, McMillian, Rickman and Mercier, JJ., concur. Barnes, P. J., Miller, P. J., Ellington, P. J., and McFadden, J., dissent.

 OCGA § 9-11-68 (a) sets forth a number of requirements for such offers. Locklyn does not dispute that Richardson’s offer met those requirements.

 OCGA § 9-11-68 (d) (2) provides in full: “If a party is entitled to costs and fees pursuant to the provisions of this Code section, the court may determine that an offer was not made in good faith in an order setting forth the basis for such a determination. In such case, the court may disallow an award of attorney’s fees and costs.”

 Fla. Stat. § 768.79 (6) (a) provides:
If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney’s fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney’s fees against the award. When such costs and attorney’s fees total more than the amount of the judgment, the court *460 shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.
Section (7) (a) of Fla. Stat. § 768.79 states: “If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney’s fees.”

 Florida’s Rule of Civil Procedure 1.442 (Proposals for Settlement), subsection (h) (1), also authorizes a trial court in its discretion to disallow an award of costs and attorney fees even though a party is entitled to them pursuant to Florida law, if it determines that “a proposal was not made in good faith.”

 We have found no Florida law in our research from which it can be determined that the trial court did not hold a hearing on a motion for attorney fees pursuant to Fla. Stat. § 768.79.

 Such circumstances could include settlement negotiations. See OCGA § 24-4-408 (specifically excluding OCGA § 9-11-68 from nonadmissible offers of compromise).

 We note that it appears that the trial court arguably considered only objective factors, the amount of the offer and potential liability, which a Florida Court of Appeals has held was error. As explained supra, the trial court is required to consider the offeror’s explanation and then determine whether, despite consideration of the objective factors, the offeror had a subjective reasonable belief on which to base the offer. See Arrowood, supra, 58 So3d at 290.

 While we conclude here that we should remand this case for a hearing on attorney fees pursuant to the offer of settlement, we note that the dissent places much emphasis on the fact that Richardson never made the argument in her motion for fees that her offer of settlement was based on a thorough evaluation of Locklyn’s medical records and bills disclosed during discovery and that Richardson merely argued that she was entitled to attorney fees because the verdict was less than 75 percent of the offer. But this is all that is required to trigger the award of fees under subsection (b) (1) (“the defendant shall be entitled to recover reasonable attorney’s fees and expenses of litigation incurred by the defendant ... if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement” (emphasis supplied)); nothing more. And while the dissent argues that the billing records of Richardson’s counsel did not include a reference to Locklyn’s medical records andbills being reviewed and analyzed until after the settlement offer was made, the statute allows only fees and expenses “incurred . . . from the date of the reject ion of the offer . . . through the entry of judgmentsee OCGA § 9-11-68 (b) (1), and the records submitted by counsel cover the time frame between the offer and rejection and the jury verdict. This evidence therefore does not demand a conclusion that counsel did not consider these items prior to making the offer. And indeed the parties were anticipating a trial following Locklyn’s denial of Richardson’s offer which would likely include a review of Locklyn’s medical records and bills.