**FIRST DIVISION
BARNES, P. J.,
MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 29, 2018**

# In the Court of Appeals of Georgia

A18A1010. THE COASTAL BANK v. LARRY RAWLINS, JR. et al.

McMILLIAN, Judge.

In this second appearance before this Court, we address a recurrent issue: what constitutes good faith under Georgia's offer of settlement statute. Previously, we reversed the trial court order denying summary judgment to The Coastal Bank ("Coastal") in a lawsuit filed by Larry Rawlins, Jr. and Laura Lopez (the "Rawlinses"), finding that the Rawlinses lacked standing to sue. Upon remittitur, Coastal filed a motion for attorney fees under Georgia's offer of settlement statute, OCGA § 9-11-68, which the trial court denied, finding that the offer of settlement was not made in good faith. For the reasons that follow, we vacate the trial court's

order and remand this case for the trial court to consider whether Coastal had a subjectively reasonable belief on which to base its settlement offer.

"We review for abuse of discretion the trial court's decision on whether a settlement offer was made in good or bad faith." *Great West Cas. Co. v. Bloomfield*, 313 Ga. App. 180, 181 (721 SE2d 173) (2011). "An abuse of discretion occurs where a ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law." (Punctuation omitted.) *Lewis v. Lewis*, 316 Ga. App. 67, 68 (728 SE2d 741) (2012).

The record shows that Constance Ellis and the Rawlinses were beneficiaries of the estate of Willard Rawlins ("W. R."). After W. R.'s death, Ellis took blank checks that W. R. had pre-signed, filled in sums amounting to approximately $40,000, and cashed them on behalf of herself, her children, and her grandchildren. Coastal mistakenly honored these checks. The Rawlinses subsequently discovered Ellis's actions and filed a lawsuit against Ellis and Coastal in the Superior Court of Chatham County, Georgia, seeking damages.

Coastal moved for summary judgment, arguing that the superior court lacked subject matter jurisdiction, the Rawlinses lacked standing to assert these claims, and they had suffered no damages. The case was eventually transferred to the Probate

Court of Chatham County, after which Ellis evened up the distribution of estate assets by distributing an extra $40,000 to the Rawlinses, and the estate's executor determined that any damages to the estate had been corrected. Coastal moved for summary judgment, again challenging the Rawlinses' standing and their claims for damages. The probate court denied Coastal's motion for summary judgment.

Counsel for Coastal then sent the Rawlinses an offer of settlement letter under OCGA § 9-11-68, which stated:

> This letter will constitute a written offer of settlement served pursuant to [OCGA] § 9-11-68. On behalf of [Coastal], I am authorized to offer payment of $3,000 to settle all of the claims that have been alleged, or that could have been alleged, in the above-referenced lawsuit. Conditions of this settlement offer are: (1) [the Rawlinses] and [Coastal] will enter into a written settlement agreement containing broad general mutual releases of all claims, including claims for compensatory damages, punitive damages and attorney[] fees and expenses as have been alleged by [the Rawlinses] and [Coastal], (2) [the Rawlinses] and [Coastal] will file a joint dismissal of this lawsuit in the Probate Court of Chatham County, with prejudice, and with each party to bear its own attorney[] fees and expenses, and (3) the amount of the settlement must remain confidential. This settlement offer includes $1 to settle any claim for punitive damages. This offer shall remain open for 30 days.

The Rawlinses did not accept Coastal's offer. The Rawlinses later settled with Ellis for two acres of property worth around $40,000 or $50,000 and dismissed their claims

3

against Ellis in probate court, with prejudice. The Rawlinses then dismissed their claims against Coastal without prejudice.

The Rawlinses later re-filed their lawsuit against Coastal in the State Court of Chatham County. Coastal moved for summary judgment, again arguing that the Rawlinses did not have standing in either their individual capacities or on behalf of W. R.'s estate to maintain an action against Coastal for mishandling W. R.'s checking account and that they had no damages because Ellis had evened up the estate distribution.

The trial court denied the motion for summary judgment and certified its order for immediate review. This Court reversed the trial court's decision. See *The Coastal Bank v. Rawlins*, Case No. A15A1951 (decided Feb. 12, 2016). After remittitur, the trial court entered final judgment in favor of Coastal. Coastal then filed a motion to recover attorney fees and expenses from the Rawlinses under OCGA § 9-11-68. The Rawlinses argued that fees and expenses should not be awarded because: (1) the settlement offer was ambiguous because it was unclear whether Costal was also requesting the dismissal of Ellis, and therefore it did not meet the particularity requirements of OCGA § 9-11-68 (a) (3) and (a) (4) and (2) the settlement offer had not been made in good faith because the $3,000 offer to settle all claims was low

4

compared to the alleged damages. Coastal argued that the settlement offer clearly and unambiguously required the dismissal of Ellis and that the offer of $3,000 was reasonable because it believed that its arguments of no standing and no damages were strong, a belief borne out by Coastal's success on appeal.

After a hearing, the trial court denied Coastal's request for attorney fees. The trial court found that Coastal's settlement offer had not been ambiguous, but determined that the offer had not been made in good faith.

1. Coastal first argues that the trial court erred by considering only objective evidence in determining that the offer was not made in good faith and that it failed to consider Coastal's explanation that its low offer was based on the strength of its defense that the Rawlinses lacked standing. We agree.

We turn first to the offer of settlement statute, which is codified at OCGA § 9-11-68 et seq. The "clear purpose of [OCGA § 9-11-68] is to encourage litigants in tort cases to make and accept good faith settlement proposals in order to avoid unnecessary litigation, thereby advancing this State's strong public policy of encouraging negotiations and settlements." (Punctuation omitted.) *Georgia Dept. of Corrections v. Couch*, 295 Ga. 469, 471 (1) (b) (759 SE2d 804) (2014).

5

The statute applies to a written offer to settle a tort claim made more than 30 days after the service of the summons or complaint but not less than 30 days before trial (or 20 days for a counteroffer). Id.; OCGA § 9-11-68 (a). Under OCGA § 9-11-68 (b) (1),

> [i]f a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney[] fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

If a party is entitled to recover attorney fees and expenses of litigation because the judgment meets the requirements of OCGA § 9-11-68 (b), "the court may determine that a settlement offer was not made in good faith in an order setting forth the basis for such a determination. In such case, the court may disallow an award of attorney fees and costs." (Punctuation omitted.) *Bloomfield*, 313 Ga. App. at 181; OCGA § 9-11-68 (d) (2).

In *Richardson v. Locklyn*, 339 Ga. App. 457, 459-61 (793 SE2d 640) (2016), this Court adopted Florida's test for determining whether an offer of settlement was made in good faith. See also *OTS, Inc. v. Weinstock & Scavo, P.C.*, 339 Ga. App. 511, 520 (8) (793 SE2d 672) (2016) (physical precedent only). In *Richardson*, we

6

acknowledged that determining whether an offer was made in good faith rests on whether the offeror has a reasonable foundation on which to base the offer and that "[s]o long as the offeror has a basis in known or reasonably believed fact to conclude that the offer is justifiable, the good faith requirement has been satisfied." (Citation omitted.) *Richardson*, 339 Ga. App. at 460. Whether the offeror has a reasonable basis to support the offer is determined solely by the offeror's own subjective motivations and beliefs. Id. In the context of a nominal offer, the trial court may consider objective factors including: (1) whether the offer bore no reasonable relationship to the amount of damages, (2) a realistic assessment of liability, or (3) that the offeror lacked intent to settle the claim. Id. at 460. However, the trial court "cannot base a ruling exclusively on the objective factors" but is instead "required to consider the offeror's explanation and then determine whether, despite consideration of the objective factors . . . the offeror had a subjectively reasonable belief on which to base its offer." (Punctuation omitted.) Id. at 461.

Here, the trial court explicitly based its decision on three factors: (1) the Rawlinses were able to settle with Ellis for two acres of land approximately twenty months after Coastal sent its offer of settlement, (2) Coastal's offer would have required the Rawlinses to dismiss their claims against Ellis, and (3) Coastal

7

"unreasonabl[y]" took Ellis's side against the Rawlinses on the issue of damages prior to their settlement with Ellis. Although the trial court's order contains a passing reference to Coastal's lack-of-standing argument, the trial court failed to consider and weigh these objective factors against whether Coastal's position was reasonable at the time the offer was made. Any consideration of Coastal's explanation is also absent from the hearing transcript.[1] By failing to weigh the objective factors against Coastal's subjective belief in the strength of its no-standing defense, the trial court abused its discretion. Accordingly, we vacate the trial court's order denying fees under OCGA § 9-11-68 and remand the case for a hearing and application of the test adopted in *Richardson*.

2. Based on our holding in Division 1, Coastal's remaining enumerations of error are moot.

*Judgment vacated and remanded with direction. Barnes, P.J., and Reese, J., concur.*

---

[1] We note that *Richardson* was issued shortly before the hearing, and none of the parties referenced *Richardson* or the test announced in *Richardson*.