**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS
COURT. ALL FILINGS MUST BE SUBMITTED WITHIN
THE TIMES SET BY OUR COURT RULES.*

**December 28, 2020**

# In the Court of Appeals of Georgia

A20A1593. ANGLIN et al. v. SMITH et al.

PIPKIN, Judge.

Mittie Anglin filed a medical malpractice suit against Dr. Stephanie Smith and Gwinnett Anesthesia Service, PC (collectively "the defendants").[1] Following a defense verdict, the defendants moved for payment of attorney fees under OCGA § 9-11-68, Georgia's offer of settlement statute. The trial court granted the motion, awarding $177,916.71 in attorney fees. Anglin appeals, arguing that the trial court improperly awarded fees based upon a finding of frivolity. We affirm.

The facts of this case are set forth in this Court's opinion in *Anglin v. Smith*, 346 Ga. App. 456 (816 SE2d 426) (2018). Succinctly stated, the facts show that

---

[1] Anglin's husband filed a loss of consortium claim. For ease of reading, we refer simply to Anglin.

Anglin, who suffered from back pain, had Dr. Smith administer a series of injections into her low back. Following the second such injection, Anglin claims to have suffered loss of leg function and urinary incontinence. In April 2012, Anglin filed suit against the defendants.

In September 2013 – after having conducted much of the discovery – the defendants offered to settle the case for $1,000.00 in accordance with OCGA § 9-11-68. Anglin did not accept the offer, and the case went to trial. The jury found in favor of the defendants. Thereafter, the defendants filed a motion for OCGA § 9-11-68 attorney fees, and the trial court granted the motion. In its order, the trial court reasoned:

> Through discovery the crux of the case became apparent: [Anglin's] trial theory depended on the jury accepting that [Anglin] was paralyzed and incontinent on the day when she last saw [Dr. Smith], and for several days thereafter. But [Anglin's] medical records and treating providers confirmed that [Anglin] was ambulatory and not paralyzed when they saw [Anglin]. The only evidence supporting [Anglin's] theory was her own testimony to the contrary.
>
> [Anglin's] three experts each testified that their standard of care criticism relied entirely on [Anglin's] uncorroborated, indeed roundly contradicted version of the facts. If [Anglin] did not suffer paralysis and

incontinence on the day when she last saw [Dr. Smith], then Defendants breached no standard of care.

As a result, given the incredible nature of [Anglin's] claims, Defendants made a $1,000 Offer of Settlement. The case progressed to trial whereupon the jury returned a verdict in Defendants' favor.

The Court agrees with Defendants, and finds that, under the facts of this case, $1,000 was a good faith offer. [Anglin] raises no objection to the fee amount Defendants claim, which this Court finds is fair and reasonable. Therefore, this Court HEREBY GRANTS Defendants' motion for fees in the amount of $177,916.71.

(Footnote omitted).

According to Anglin, this order demonstrates that the trial court considered the case to be frivolous. Anglin contends that, under OCGA § 9-11-68 (e), the issue of frivolity is solely a jury issue. We disagree.

OCGA § 9-11-68, which is commonly referred to as Georgia's "offer of settlement" statute, was enacted to encourage litigants in tort actions to make good faith efforts to settle cases in order to avoid unnecessary litigation. See *Georgia Dept. of Corrections v. Couch*, 295 Ga. 469, 470-471 (1) (b) (759 SE2d 804) (2014). The

statute applies when a party rejects a written good faith offer to settle a tort claim.[2]

OCGA § 9-11-68 (a) (setting forth the requirements for the offer). If the plaintiff rejects the defendant's offer, the statute provides that:

> the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

OCGA § 9-11-68 (b) (1). Once a prevailing party demonstrates that OCGA § 9-11-68 applies, the trial court "shall order the payment of attorney's fees and expenses of litigation[.]" OCGA § 9-11-68 (d) (1). Such an award may be disallowed only where the trial court finds the settlement offer was not made in good faith. See OCGA § 9-11-68 (d) (2).

Although the trial court found that the $1,000.00 settlement offer was made in good faith, Anglin contends the trial court actually made a finding of frivolity under

---

[2] Anglin does not contest the fact that the defendants' offer of settlement complied with the statutory requirements.

4

OCGA § 9-11-68 (e). According to Anglin, subsection (e) requires that this determination be made by the jury.

Under OCGA § 9-11-68 (e), once a judgment or verdict is rendered, the prevailing party may file a motion requesting that the factfinder – in this case the jury – determine whether a claim or defense was frivolous and to award damages accordingly. "Damages awarded *may* include reasonable and necessary attorney's fees and expenses of litigation." (Emphasis supplied). OCGA § 9-11-68 (e) (2). But an award under this subsection is not limited to attorney fees and expenses of litigation. Rather, the purpose of this code section is to make the prevailing party whole. See *Showan v. Pressdee*, 922 F3d 1211, 1226 (VII) (B) (1) (11th Cir. 2019). In other words, subsection (e) is distinct from the remaining provisions of OCGA § 9-11-68, which govern simply an award of attorney fees. See *Richardson v. Locklyn*, 339 Ga. App. 457, 463 (793 SE2d 640) (2016).

In their OCGA § 9-11-68 motion, the defendants sought only payment of attorney fees; they did not seek damages in accordance with OCGA § 9-11-68 (e). Thus, the defendants were entitled to attorney fees unless the offer was not made in good faith. See OCGA § 9-11-68 (d) (1), (2). In making the determination that the $1,000.00 settlement offer was made in good faith, the trial court properly considered

the merits of the underlying case. See *Cohen v. Alfred & Adele Davis Academy, Inc.*, 310 Ga. App. 761, 763 (1) (714 SE2d 350) (2011) (nominal settlement offer not made in bad faith where defendants "reasonably and correctly anticipated that its exposure was minimal"). Indeed, we fail to see how a trial court could determine whether any nominal settlement offer was made in good faith without considering the merits of the underlying case. We do not believe that the consideration of the merits transformed the defendant's motion into a motion for damages under OCGA § 9-11-68 (e).

In a related argument, Anglin contends that the trial court abused its discretion in failing to weigh both objective and subjective factors in concluding the $1,000.00 settlement offer was made in good faith. Specifically, Anglin maintains that the trial court's order "contains no discussion of the objective factors" outlined in *Richardson v. Locklyn*, supra. In *Richardson*, we addressed what objective factors a trial court must consider before denying a motion for OCGA § 9-11-68 attorney fees. *Richardson*, 339 Ga. App. at 460-461. As stated above, a defendant that meets the statutory criteria is *entitled* to a fee award under OCGA § 9-11-68 (b) (1). Thus, where a trial court refuses to award fees to which a litigant is otherwise entitled, we have required the trial court to undertake the requisite analysis to show its decision was justified. See *Richardson*, supra; *Coastal Bank v. Rawlins*, 347 Ga. App. 847,

6

851 (1) (821 SE2d 89) (2018). We are unaware of any requirement that a trial court undertake such an inquiry when *awarding* attorney fees under OCGA § 9-11-68 (d). Likewise, a judge who awards attorney fees under OCGA § 9-11-68 is not required to explain its reasoning in an order. As we have already held, "[b]y its terms, OCGA § 9-11-68 does not require that the trial court make written findings of fact or conclusions of law unless the court concludes that an offer was not made in good faith, and we decline to impose a requirement not mandated by the statute." (Footnote omitted). *Cohen*, 310 Ga. App. at 764 (2). Accordingly, Anglin has shown no basis for reversing the trial court's order awarding OCGA § 9-11-68 attorney fees.

*Judgment affirmed. Barnes, P. J., and Gobeil, J., concur*.

7