**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 31, 2025**

# In the Court of Appeals of Georgia

A25A1182. VINSON v. BROWN.

WATKINS, Judge.

Sharon Vinson, plaintiff in the personal-injury case below, appeals from the trial court's order denying her motion for attorney fees and expenses under Georgia's "offer of settlement statute," OCGA § 9-11-68. For the reasons that follow, we affirm.

After a motor vehicle collision in 2019, Vinson filed suit against Matthew Brown. The jury awarded Vinson $340,000, and the trial court entered a judgment to that effect. Vinson then moved for attorney fees and expenses of litigation pursuant to OCGA § 9-11-68. In support of her motion, Vinson showed that before the case went to trial, she offered to settle the lawsuit for $100,000; Brown did not accept the offer, and the final judgment awarded to Vinson was 340 percent of the offer Brown

rejected. Vinson sought $120,000 in attorney fees and $66,901.82 in litigation expenses. In response to Vinson's motion, Brown argued that Vinson's settlement demand was not a valid offer under the statute because, among other alleged defects, it was not made more than 30 days after the complaint and summons were served. The trial court ruled in Brown's favor and denied Vinson's motion, concluding, in relevant part, that the offer was untimely under OCGA § 9-11-68 (a). Vinson then filed this appeal.

1. Vinson argues that the trial court erred in concluding that her offer was premature, and therefore invalid, under OCGA § 9-11-68. We disagree.

When interpreting a statute, "we must presume that the General Assembly meant what it said and said what it meant."[1] Thus, absent clear evidence that the legislature intended a contrary meaning (as reflected in the relevant statutory text), "we assign words in a statute their ordinary, logical, and common meanings."[2]

The offer of settlement statute provides, in relevant part:

---

[1] (Citation and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013).

[2] (Citation and punctuation omitted.) *Turner v. Ga. River Network*, 297 Ga. 306, 308 (773 SE2d 706) (2015).

> If a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment.[3]

The statute's purpose is to encourage tort litigants "to make and accept good faith settlement proposals" to avoid unnecessary litigation and advance the state's "strong public policy of encouraging negotiations and settlements."[4] Nevertheless, because the statute "is in derogation of common law," it must be "strictly construed against the award of attorney fees and costs" and "not extended beyond" its "plain and explicit terms."[5]

As relevant here, the statute identifies a window of time in which an offer may be made under the Code section. Specifically, the statute provides:

---

[3] OCGA § 9-11-68 (b) (2).

[4] (Citation and punctuation omitted.) *The Coastal Bank v. Rawlins*, 347 Ga. App. 847, 850 (1) (821 SE2d 89) (2018).

[5] (Citations and punctuation omitted.) *Eichenblatt v. Piedmont/Maple, LLC*, 358 Ga. App. 234, 237 (1) (854 SE2d 572) (2021).

At any time *more than 30 days* after the service of a summons and complaint on a party but not less than 30 days (or 20 days if it is a counteroffer) before trial, *either party may serve upon the other party*, but shall not file with the court, a written offer, denominated as an offer under this Code section, to settle a tort claim for the money specified in the offer and to enter into an agreement dismissing the claim or to allow judgment to be entered accordingly.[6]

The statute further provides that "[a]ny offer under this Code section must . . . be served by certified mail or statutory overnight delivery in the form required by Code Section 9-11-5."[7] Notably, pursuant to OCGA § 9-11-5 (b), "[s]ervice by mail is complete upon mailing."[8]

In this case, Brown was served with the summons and complaint on May 5, 2020. Vinson mailed her offer of settlement on June 4, 2020. The trial court concluded that the offer of settlement was premature under OCGA § 9-11-68 because it was mailed exactly 30 days after service of the summons and complaint — rather than *more* than 30 days after such service.

---

[6] (Emphasis supplied.) OCGA § 9-11-68 (a).

[7] OCGA § 9-11-68 (a) (8).

[8] Vinson admits that the statute does not provide a different definition for the completion of service by certified mail or statutory overnight delivery.

Vinson contends that the trial court's interpretation of the statute is "absurd" in light of OCGA § 9-11-68 (c), which provides that "[a]ny offer made under this Code section shall remain open for 30 days . . . ." Arguing that the legislature clearly intended for an opposing party to have 30 days from receiving an offer of settlement to accept or reject it, Vinson insists that the controlling date must be the date the offer is delivered.

But the question in this case is not whether the offer of settlement remained open for the amount of time required by the statute. Instead, the question is whether the offer of settlement was *made* in the timeframe required by the statute. That question is addressed in OCGA § 9-11-68 (a), which provides that a party "may serve" an offer of settlement in the timeframe described therein in the form required by OCGA § 9-11-5, which defines service as complete upon mailing. Thus, the statute clearly defines the window of time for making an offer in terms of when the offer can be *served* — not in terms of when the offer can be delivered. As outlined above, attorney-fee statutes like § 9-11-68 "must be strictly construed *against* the award of such damages[]" and not extended beyond their "plain and explicit terms[.]"[9] Given

---

[9] (Citations and punctuation omitted; emphasis in original.) *Harris v. Mahone*, 340 Ga. App. 415, 422 (1) (797 SE2d 688) (2017).

the plain language of the statute, it is the date an offer is served — not the date the offer is delivered — that determines whether the offer is timely under § 9-11-68. And as Vinson acknowledges, under OCGA § 9-11-5, service by mail is complete upon mailing. We therefore agree with the trial court that the offer of settlement in this case, which was mailed exactly 30 days after service of the summons and complaint, was premature under § 9-11-68 (a).[10] Because the offer of settlement did not comply with the statutory requirements, Vinson was not entitled to an award under this provision.[11]

2. Vinson also challenges the trial court's alternative basis for denying her motion. Given our holding in Division 1, we need not reach this issue.[12]

*Judgment affirmed. Brown, C. J., and Barnes, P. J., concur.*

---

[10] See id. at 423 (1) (affirming trial court's application of § 9-11-68 according to its "clear and unambiguous terms" even though the statute led to an "unusual outcome" in that case).

[11] See *Chadwick v. Brazell*, 331 Ga. App. 373, 377 (2) (771 SE2d 75) (2015) (Because party's offer "did not meet the requirements of OCGA § 9-11-68 (a), . . he could not recover attorney fees for an offer of settlement pursuant to that Code section.").

[12] See *Eichenblatt*, 358 Ga. App. at 240 (2).